JOURNAL ENTRY and OPINION
Landlord appeals from a trial court decision granting summary judgment to the Cuyahoga Metropolitan Housing Authority (CMHA) and a tenant on the landlord's claims for rent and for damage to the leased premises. We agree with the landlord that genuine issues of material fact precluded summary judgment in this case; therefore, we reverse and remand this matter for trial.
 PROCEDURAL AND FACTUAL HISTORY
Appellant filed his complaint pro se in the Cleveland Municipal Court on November 6, 1998.[1] The complaint alleged that appellant leased apartments to tenants referred to him by CMHA pursuant to Section 8.[2] He claimed that he and CMHA entered into contract under which the defendant-tenant leased the premises from him in November 1996 for a period of one year, but the tenant moved out on April 28, 1997. Appellant alleged the tenant damaged the premises. He claimed both defendants were jointly and severally liable to him for compensatory[3] as well as punitive damages.
Both defendants moved the court for summary judgment. The tenant attached to her motion a copy of an Assisted Lease Agreement, a lease addendum between appellant and the tenant, a copy of the Housing Assistance Payments (HAP) Contract between appellant and CMHA, a copy of a report concerning an inspection of the premises, and an affidavit from the tenant. There were two attachments to the tenant's affidavit, a copy of an inspection report and an unsigned memorandum on CMHA stationery.
CMHA attached to its brief a copy of the HAP contract, the lease addendum, a letter from CMHA to the tenant indicating that the premises had not passed inspection, and copies of several inspection forms. Appellant presented an affidavit in opposition to this evidence. The evidence presented by the parties discloses the following undisputed facts.
The Lease Agreement signed by both appellant and the tenant on October 11, 1996 provided that the term of the lease began on October 11, 1996, and continued
 * * * until (1) a termination of the Lease by the Landlord in accordance with paragraph (H) of this section, (2) a termination of the lease by the Tenant in accordance with the lease or by mutual agreement during the term of the Lease, or (3) a termination of the Contract by the [CMHA].
As part of the Lease Agreement with the tenant, appellant agreed to enter into a HAP contract with a public housing authority. The amount of rent was to be determined by the HAP contract.
Appellant and the tenant also executed an addendum to the Lease. Appellant executed this document on November 1, 1996; the tenant executed it on February 12, 1997. Paragraph 7(a) of this addendum provides that:
The term of the lease terminates if:
 The lease terminates (as provided in paragraph b);
The HAP contract terminates; or
 The H[ousing} A[uthority] terminates program assistance for the family.
The addendum further provides that [t]he tenant rent may not be more than the contract rent minus the H[ousing] A[uthority] housing assistance payment to the owner.
Appellant executed a HAP contract with CMHA on November 1, 1996 with respect to the lease to this tenant. CMHA executed the agreement on March 3, 1997. The agreed rent was $625 per month. The monthly housing assistance payment to be made by CMHA was also $625 per month. Thus, all rent was to be paid by CMHA, and no rent was due from the tenant directly.
Among other things, the HAP contract provided that the owner was required to maintain the premises in accordance with certain housing quality standards (HQS). The contract provided that CMHA's remedies for failure to maintain the premises in accordance with these standards included abatement or reduction of housing assistance payments or termination of the HAP contract.
CMHA inspected the premises on February 12, 1997 and found that they did not meet all of the HQS. Appellant was notified that the repairs needed to be completed by March 10, 1997 and the premises would be reinspected on that date. A notice dated March 11, 1997 indicates that the premises failed the reinspection, and, as a result, CMHA abated housing assistance payments. The notice stated that if the premises failed a third and final inspection, CMHA would cancel the contract.
The record contains an unsigned memorandum on CMHA stationery, which states:
April 2, 1998
To whom it may concern:
 The Section 8 contract on the unit located at 3038 E 125th St, Cleveland, OH 44120, was cancelled [sic] as a consequence of three consecutive failures to meet HUD Housing Quality Standards. Enclosed are computer-generated print-outs documenting those failures.
The trial court held that this evidence showed appellant's contract with CMHA was terminated based on appellant's breach of the contract after appellant was given notice and was afforded an opportunity to remedy the conditions. The court found that the termination of the [appellant's] rental agreement with Defendant CMHA was appropriate, was an action supported by the circumstances, and was justified by the agreed conditions of the contractual arrangement. The court further found the tenant's liability for rent was extinguished by the contract. Therefore, the court found both defendants were entitled to judgment as a matter of law. Appellant has timely appealed this ruling.
 LAW AND ANALYSIS
Appellant's two assignments of error allege:
 I. THE TRIAL COURT ERRED IN GRANTING DEFENDANT CMHA'S SUMMARY JUDGMENT MOTION.
 II. THE TRIAL COURT ERRED IN GRANTING DEFENDANT BRANCH'S SUMMARY JUDGMENT MOTION.
This court reviews an order granting summary judgment de novo.Hillyer v. State Farm Mut. Auto Ins. Co., (1999), 131 Ohio App.3d 172,175. We apply the same test as a trial court, as set forth in Civ.R. 56(C), which provides that summary judgment may be granted if:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United Inc. (1977), 50 Ohio St.2d 317, 327.
The party seeking summary judgment bears the burden of showing that there is no genuine issue of material fact for trial. CelotexCorp. v. Catrett (1987), 477 U.S. 317, 330; Dresher v. Burt
(1996), 75 Ohio St.3d 280. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356,358-59.
 A. Summary Judgment In Favor Of CMHA.
There is no evidence that the HAP contract between CMHA and appellant was terminated. An unsigned memorandum addressed To whom it may concern and dated more than a year after the failed inspections, which simply reports that the contract was canceled, is insufficient. There is no indication of who is making this report or the basis for their knowledge. The memorandum does not even indicate when the contract was canceled,[4] or how. There is no evidence that appellant was notified of the cancellation in writing, as required by paragraphs 14(b) and 19 of the HAP contract.
Viewing the evidence in the light most favorable to the landlord, CMHA failed to demonstrate that there were no genuine issues as to any material facts or that it was entitled as a matter of law; therefore, the court erred by granting summary judgment to CMHA, and appellant's first assignment of error is sustained.
 B. Summary Judgment In Favor Of Tenant.
Under the terms of the parties' agreements, the tenant was only liable for rent in excess of the amount to be paid by the housing authority. In this case, the housing authority agreed to pay the total amount of the contract rent; therefore, the tenant cannot be liable to the landlord for rent, and the court properly granted summary judgment to this extent.
However, the complaint also claims the tenant caused damage to the rental premises. Paragraph 2 of the lease agreement (beginning on page 3) appears[5] to provide that the tenant is liable to the landlord for the reasonable expense of repairing damage to the premises caused by the tenant. The tenant's affidavit concedes that she caused some damage to the premises, indicating that [b]esides [sic] two holes in the wall (each less than two inches in diameter), she left the property in the same condition as when she first moved to the house in November 1996. She further averred that the landlord refused to return her security deposit of $493.00. Paragraph (E)(3) of the lease agreement states that, after the tenant has moved, the landlord may use the security deposit provided by the tenant for any unpaid tenant rent or other amounts which the Tenant owes under the Lease but must refund any excess.
There are genuine issues as to material facts with respect to the tenant's liability for the damage to the premises, which preclude judgment in her favor as a matter of law. Therefore, appellant's second assignment of error is also sustained.
For the foregoing reasons, we affirm the summary judgment for the tenant with respect to her liability for rent. We otherwise reverse the judgment in favor of both defendants and remand for further proceedings consistent with this opinion.
This cause is affirmed in part, reversed in part, and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellees his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, A.J. and DIANE KARPINSKI, J. CONCUR
 ________________________ JUDGE, KENNETH A. ROCCO
[1] The caption on the complaint indicates that appellant does business as the Maconite Alumni Association. The landlord named in the contracts is the Maconite Alumni Association.
[2] Section 8 of the United States Housing Act of 1937,42 U.S.C. § 1437f.
[3] Though the complaint does not specify, we assume plaintiff sought to recover for lost rent and for the damage to the premises.
[4] The confusion on this point is compounded by the conflicting evidence in the record as to when the tenant vacated the premises. The tenant claims she vacated the premises by the end of March 1997, while the landlord claims she left on April 28, 1997. A payment information form attached as Exhibit E to CMHA's motion for summary judgment indicates the tenant moved into a new unit on March 1, 1997.
[5] The one copy of the Assisted Lease Agreement in the record is attached as Exhibit A to the tenant's motion for summary judgment and is partially illegible.