# Richmond

GRACE L. SUGGS v. THE LIFE INSURANCE COMPANY OF VIRGINIA.

April 25, 1966.

Record No. 6132.

Present, All the Justices.

*John F. Kay, Jr. (Charles S. Valentine; Denny, Valentine & Davenport,* on brief), for the plaintiff in error.

*Walter J. McGraw,* for the defendant in error.

EGGLESTON, C. J., delivered the opinion of the court.

Grace L. Suggs filed a motion for judgment against The Life Insurance Company of Virginia, hereinafter called the Company, to recover the sum of $15,000 which she claimed was due to her as the beneficiary under a policy issued by the Company insuring the life of her son, William Durwood Suggs, III. The Company filed its answer and grounds of defense in which it admitted the issuance of the policy, the payment of the premiums and the death of the insured, but claimed that under the terms of the policy the Company was obligated to pay the plaintiff the sum of $3,000 which it had offered to her and which she had refused to accept.

Since there were no material facts genuinely in dispute and the only issue was whether under the proper interpretation of the policy the plaintiff was due the sum of $15,000 or $3,000, the plaintiff and the Company filed separate motions for summary judgment in support of their respective contentions. In an order, supported by a written memorandum, the lower court sustained the Company's motion for summary judgment, holding that it was obligated to pay the plaintiff the sum of $3,000, and entered judgment therefor in her behalf. The plaintiff has appealed claiming that under the proper interpretation of the terms of the policy she is entitled to recover the sum of $15,000 of the Company.

These are the material facts: On July 1, 1955 the Company issued its policy insuring the life of William Durwood Suggs, III, who was born on February 16, 1942, became twenty-one years of age on February 16, 1963, and died on April 16, 1963. The plaintiff was named as beneficiary in the policy and at the time of the death of the insured all of the premiums had been paid.

Under the terms of the policy the Company contracted to pay $3,000 as "Initial Insurance" "in the event of the death of the Insured during the initial insurance period," or to pay $15,000 as "Ultimate Insurance" "in the event of the death of the Insured after the initial insurance period." The policy defined the "Initial Insurance Period" as "the period between the policy date and the policy anniversary nearest the Insured's 21st birthday excluding such policy anniversary."

On the back of the policy and at the bottom of the first page the following was printed:

"JUNIOR ESTATE BUILDER
"Insurance Payable at Death of Insured—Increased After Age 21

"Premiums Payable to Age 65 or Until Prior Death
"—NON-PARTICIPATING—"

It is agreed that these notations are printed on the policy pursuant to Code, § 38.1-403 [Repl. Vol. 1953], which provides: "On the face and on the back of each such policy there shall be placed a title which shall briefly and accurately describe the nature and form of the policy."

The question presented is whether the plaintiff is entitled to the initial insurance of $3,000, payable during the initial insurance period as defined in the policy, or the ultimate insurance of $15,000 payable after the initial insurance period.

The plaintiff does not question that under the policy definition of the initial insurance period, standing alone, she is entitled to recover only $3,000. It is clear that the death of the insured on April 16, 1963 occurred within the initial insurance period which is defined as "the period between the policy date [July 1, 1955] and the policy anniversary nearest the Insured's 21st birthday [February 16, 1963]." But she contends that the Junior Estate Builder endorsement is a part of the insurance contract; that since the death of the insured occurred after he had reached 21 years of age, under the provision in the endorsement—"Insurance Payable at Death of Insured—Increased After Age 21"—she became entitled to the increased amount of insurance, of $15,000. She further contends that there is an inconsistency as to when the ultimate insurance is payable under this language in the endorsement and that in the body of the policy, and that this inconsistency creates an ambiguity which under familiar principles should be resolved against the Company and in her favor.

The lower court held that the Junior Estate Builder endorsement, which is characterized as a "Title" description, is not a part of the insurance contract, nor is it the purpose and intent of the statute [Code, § 38.1-403, *supra*] to make it a part of the contract. It further held that if such endorsement be deemed a part of the insurance contract, the language therein is not inconsistent with the provisions in the policy fixing the time for the payment of the initial insurance and the ultimate insurance, respectively, and that the plaintiff was entitled to recover the initial insurance of $3,000.

There is a conflict of authority as to whether an endorsement on an insurance policy, designating its kind and type, is a part of the insurance contract. See Couch on Insurance, 2d Ed., Vol. 1, § 4:38, p. 196; Appleman Insurance Law and Practice, Vol. 13, § 7526, pp.

257-259; 29 Am. Jur., Insurance, § 267, p. 654; Anno: 168 A. L. R. 567.

Among the cases holding that such an endorsement is a part of the contract of insurance are, *Hessler* v. *Federal Casualty Co.*, 190 Ind. 68, 129 N. E. 325, 14 A. L. R. 1329 [1921]; *Doty* v. *American National Ins. Co.*, 350 Mo. 192, 165 S. W. 2d 862, 143 A. L. R. 1062 [1942]. For those taking the opposite view see, *Maryland Casualty Co.* v. *Massey*, 6 Cir., 38 F. 2d 724, 71 A. L. R. 1428 [1930]; *Hill* v. *Travelers Ins. Co.*, 146 Iowa 133, 124 N. W. 898, 28 L. R. A., N.S., 742 [1910]; *Connolly* v. *Standard Casualty Co.*, 76 S. D. 95, 73 N. W. 2d 119 [1955].

We find that none of these cases is precisely similar to that with which we are concerned. In the *Hessler* case, mainly relied on by the plaintiff, the words printed on the back of the policy purported to sum up what was embraced therein. In the *Massey* case, principally relied on by the Company, the general designation of the type of policy was qualified by the words "as herein limited and provided." Moreover, the latter case involved no statute similar to Code, § 38.1-403.

The obvious purpose of § 38.1-403 is to require an insurance company to display on the face and on the back of a policy a description of its nature and form in order that a prospective purchaser may know what type of insurance he is purchasing. Such requirement is for the benefit of the prospective purchaser and he is entitled to rely on it. While it may not be strictly accurate to say that such an endorsement is a part of the contract of insurance, in construing the contract the policy must be considered as a whole and the endorsement read in connection with the remainder thereof, as an aid in arriving at the intention of the parties. See Couch on Insurance, 2d Ed., Vol. 1, § 4:38, p. 196; *Thompson* v. *State Automobile Mut. Ins. Co.*, 122 W. Va. 551, 11 S. E. 2d 849, 852 [1940].

The contention of the plaintiff that she is entitled to the increased amount of insurance under the language of the endorsement is based upon the premise that the word "After" in the phrase "Increased After Age 21" means "immediately after," "upon," or "as soon as." She argues that as soon as such event occurred she became entitled to the increased amount of the insurance—$15,000. We do not agree with this contention.

When the contractual terms and the provisions of the policy, including those in the endorsement, are read in their entirety it is clear that the word "After" as used in the phrase "Increased After

Age 21" means "subsequent in point of time" to, or "later in time" than, the insured's attainment of his 21st birthday. This is in accord with the commonly accepted definition of the word after.* The language indicating that the amount of insurance payable at the death of the insured is "Increased After Age 21" obviously refers to the provision in the policy that upon the happening of that event the amount of the insurance is increased as therein provided.

Such interpretation removes any question as to the inconsistency between the language of the endorsement and that of the other provisions of the policy and brings them into complete harmony. It accords with the principle that all of the provisions of a contract of insurance should be considered and construed together and seemingly conflicting provisions harmonized when that can be reasonably done, so as to effectuate the intention of the parties as expressed therein. *Phoenix Ins. Co.* v. *Shulman Company*, 125 Va. 281, 291, 99 S. E. 602 [1919]; *American Health Ins. Corp.* v. *Newcomb*, 197 Va. 836, 842, 843, 91 S. E. 2d 447, 451 [1956]. Thus, while the insured's death was "After Age 21," it was also within the initial insurance period.

We agree with the holding of the lower court that there is no inconsistency or ambiguity in the provisions of the policy and that since the insured died "After Age 21" but within the initial insurance period the plaintiff was entitled to recover the amount of the initial insurance—$3,000.

The judgment is

*Affirmed.*

---

*Webster's Third New International Dictionary, 1961 Ed., "later than a particular time or period of time."

Black's Law Dictionary, 4th Ed., "Later, succeeding, subsequent to, inferior in point of time or of priority or preference."