BOYLE ET AL., APPELLANTS, *v.*
GREAT-WEST LIFE ASSURANCE
COMPANY, APPELLEE.

(No. 85AP-217—Decided
August 27, 1985.)

*Vorys, Sater, Seymour & Pease* and
*Bruce L. Ingram,* for appellants.
*Porter, Wright, Morris & Arthur*
and *Daniel P. Wurl,* for appellee.

WHITESIDE, J. Plaintiffs, John O.
and Vivian Boyle, appeal from a judgment of the Franklin County Municipal
Court and raise a single assignment of
error as follows:

"The trial court erred in sustaining
appellee's motion and overruling the appellants' motion for summary judgment
holding appellants not entitled to the 'increased amount' of insurance 'at age 21'
under a life insurance policy which provides that the face amount of the insurance payable in the event of the decedent's death 'increases at age 21'; and
decedent died at age 21."

This case involves the question of
whether plaintiffs are entitled to increased life insurance coverage as
beneficiaries of a policy issued by defendant, Great-West Life Assurance Company. The parties stipulated that the
policy was issued by defendant on October 6, 1967, insuring the life of plaintiffs' son, James P. Boyle, who was born
on May 14, 1962, and died on May 15,
1983, one day after his twenty-first
birthday. A description of the policy on
both the front and back of the policy
states that the policy amount will increase at insured's age twenty-one;
whereas, provisions in the body of the
policy provide that the increase will occur at the time of the policy anniversary
nearest the insured's twenty-first birthday. The trial court found that the increased coverage would not occur until
the policy anniversary date and, accordingly, found plaintiffs entitled to only
the face amount of the policy, $2,000,
rather than the increased amount,
$10,000. It is from this determination
that plaintiffs appeal.

Although there appears to be no
Ohio authority, in the absence of a
statutory provision, there are several
different theories from other jurisdictions as to the effect of statements on
the front or at the end of the policy indicating the nature of the policy. Thus,
in *Maryland Cas. Co.* v. *Massey* (C.A. 6,
1930), 38 F. 2d 724, the court held that a
designation of the policy not in the body
of the policy itself is not a part of the
contract of insurance, stating at 725:

"The policy covered death from
bodily injuries effected directly through
accidental means. Some effort is made
to interpret the policy as covering death
from all accidental injuries, however effected, in reliance upon the designation
'Perfection Accident Policy' printed
upon the outside and at the top of the
contract, followed by the statement that
it 'provides indemnity for death * * *
due to accidental injuries.' It is sufficient
to say that such designation is not part
of the contract, that it is merely an indication of its general nature, and that
the qualifying phrase, 'as herein limited
and provided,' is a sufficient challenge
to the holder that the terms of the policy
rather than any general designation are
to be looked to for the measure of protection provided."

On the other hand, in *Hessler* v. *Federal Cas. Co.* (1921), 190 Ind. 68, 74-75, 129 N.E. 325, 327, it was held:

"* * * [I]n construing a policy of accident insurance, words printed on the back of the policy, purporting to sum up what is embraced by it, constitute a part of the contract, and are to be taken into consideration in its construction. * * *"

A similar but slightly different approach was taken in *Connolly* v. *Standard Cas. Co.* (1955), 76 S.D. 95, 100, 73 N.W. 2d 119, 122:

"It is asserted that plaintiffs in reliance on the designation 'Comprehensive Farm Liability Policy' printed on the outside and at the top of the contract were led to believe that they had coverage on all their farming operations. While it may be proper in the case of ambiguity or conflict in determining the intention of the parties to consider words printed on the back of a policy purporting to sum up what is included within the policy, they cannot have the effect of affording a measure of protection broader than the expressed stipulations of the policy. * * *"

Ohio, since 1909, has had a statutory provision (see 99 Ohio Laws 171-173), which is now codified in R.C. 3915.05(M), providing that:

"No policy of life insurance shall be issued or delivered in this state or be issued by a life insurance company organized under the laws of this state unless such policy contains:

"* * *

"(M) A title on its face and back, correctly describing such policy."

Unfortunately, there appears to be no authority interpreting the effect of this statutory requirement, nor the effect of a conflict between that which is written on the policy in compliance with R.C. 3915.05(M) and some provision in the body of the policy.

The instant policy on both the front and the back contains the following, in apparent compliance with R.C. 3915.05(M):

"Insurance payable in event of Insured's death prior to endowment date. Insurance increases at age 21. Option of Endowment Amount, Retirement Income or Paid Up Life Insurance on endowment date. Option to change to Retirement Income at Age 60 plan at Insured's age 21, if Insured is a female. Level premiums payable during lifetime of Insured until endowment date. Annual Dividends."

The body of the policy contains a provision stating that:

"If the Insured dies before the endowment date, the Company agrees to pay to the beneficiary immediately upon receipt of due proof of the Insured's death.

"(i) The Face Amount if death occurs before the policy anniversary nearest the Insured's 21st birthday, or

"(ii) $10,000 if death occurs on or after the policy anniversary nearest the Insured's 21st birthday."

The policy also contains a provision that: "Policy years and policy anniversaries will be computed from the policy date." There is a space in the policy labelled, "Policy Date, " in which is inserted "6 September 1967," although the application was not signed until September 20, 1967, and the date of issue was October 6, 1967. It makes no difference, in this case, however, which date is utilized since the effect would be the same, the insured's birthdate being May 14, 1962, and his twenty-first birthday, therefore, was May 14, 1983.

In a case involving a statute similar to the Ohio statute but requiring only that there be placed on the front and back of a policy "* * * a title which shall briefly and accurately describe the nature and form of the policy," Section 38.1-403, Va. Code, it was held in *Suggs* v. *Life Ins. Co. of Va.* (1966), 207 Va. 7, 10, 147 S.E. 2d 707, 709:

"The obvious purpose of § 38.1-403

is to require an insurance company to display on the face and on the back of a policy a description of its nature and form in order that a prospective purchaser may know what type of insurance he is purchasing. Such requirement is for the benefit of the prospective purchaser and he is entitled to rely on it. While it may not be strictly accurate to say that such an endorsement is a part of the contract of insurance, in construing the contract the policy must be considered as a whole and the endorsement read in connection with the remainder thereof, as an aid in arriving at the intention of the parties.* * *"

In *Suggs,* the Virginia court was confronted with an issue somewhat similar to that involved herein. That court found that the words used in the title of that policy "Increased After Age 21" were not inconsistent with a policy provision that the increase occur upon the policy anniversary nearest the insured's twenty-first birthday, pointing out that the word "after" specifically connotes that the event will be later than a particular time, rather than at that time. 207 Va. at 10-11, 147 S.E.2d at 710. Not only is the Virginia case not controlling, but both the statute and policy language differ significantly from that involved herein. The Virginia statute required only that the title accurately describe the nature and form of the policy.

The Ohio law, on the other hand, is much broader and requires that the policy contain a title on its face and back "correctly describing such policy," rather than only the nature and form of the policy. In the Virginia policy, the words "Increased After Age 21" were used; whereas, in the instant policy, the statement reads: "Insurance increases at age 21." As the Virginia court pointed out, the word "after" means sometime subsequent to (207 Va. at 10-11, 147 S.E.2d at 710); whereas, the word "at" means upon. In this context, the word "at" is more precise and

definite than the word "after," which is imprecise and indefinite. There is no question but that the words "Insurance increases at age 21" mean that the insurance will increase upon the insured's twenty-first birthday. This is especially true if the language be construed liberally in favor of the insured and beneficiaries. Accordingly, there is a conflict between the statutorily mandated title and the language in the body of the policy providing for an increase upon a policy anniversary date nearest the insured's twenty-first birthday. While, as the Virginia court pointed out, ordinarily such conflicts are to be harmonized (207 Va. at 11, 147 S.E.2d at 710), bearing in mind liberal construction in favor of insureds and beneficiaries, it is difficult to harmonize this difference in language. Reference to the application, which by R.C. 3915.05(C) is made a part of the policy, does not aid in resolving the conflict, since the application in Section 8 states merely: "Amount $2,000 increasing to $10,000," without indication as to the time of increase.

Since R.C. 3915.05(M) specifically requires that the policy contain a title which correctly describes the policy, such title is a part of the policy or contract of insurance between the parties. Its obvious purpose is to enable the policyholder to ascertain the general terms and conditions of the policy from the title without being required to read and understand the entire policy. Reading the title, together with the application, both of which are part of the policy, would lead the policyholder to understand that the insurance coverage would increase to $10,000 upon the insured's twenty-first birthday.

Since there is a conflict between the statutorily mandated title and the body of the policy as to when the increase in insurance coverage occurs, the question before us is which controls. We conclude that, in case of conflict, the statutorily

mandated title controls over conflicting provisions in the body of the policy, which are not statutorily mandated. There are two reasons for this conclusion. First, a provision inserted in the policy because of a statutory mandate ordinarily should control over a conflicting provision of a policy inserted at the option of the insurer. Second, defendant insurer wrote the policy and chose the language to be inserted therein. It easily could have made the two provisions consistent by stating in the title at the front and back of the policy "Insurance increases at the policy anniversary nearest the insured's 21st birthday," rather than the inserted language of "Insurance increases at age 21," but, for whatever reason, chose not to do so. Where an insurer inserts two conflicting provisions in a policy of insurance, the insurer will be bound by that provision most favorable to the insured and beneficiaries, rather than by the provision least favorable to the insured and beneficiaries. This is in accordance with the rules of construction that an insurance policy is construed in favor of the insured and that a contract will be construed against the party who wrote it. Furthermore, as stated by the Virginia court in *Suggs, supra,* the statutory requirement of the title correctly describing the policy is for the benefit of the insured and beneficiaries and is for the purpose of informing the insured not only about the nature and form of the policy but also about the coverage afforded.

If the body of the policy controlled over the title, then, of necessity, we would have to conclude that defendant insurer did not comply with the mandate of R.C. 3915.05(M), since the title on the front and back of the policy would not correctly describe the policy. We do not feel that it is the intent of R.C. 3915.05(M) to permit an insurer to insert an incorrect description of the policy in the title at the front and back of the policy and then rely upon conflicting language inserted in the body of the policy changing and reducing the benefits afforded by the policy. We, accordingly, hold that an insured is entitled to rely upon, and the insurer is bound by, the description of the policy set forth in the title pursuant to the mandate of R.C. 3915.05(M), despite a conflicting provision inserted in the body of the policy by the insurer. We need not determine herein whether the language at issue was statutorily required to be inserted in the title since defendant elected to insert it. Our conclusion is consistent with the decision in *Craver* v. *Union Fidelity* (1973), 37 Ohio App. 2d 100 [66 O.O. 2d 170], which involved a representation in an advertised solicitation for insurance, the court finding the insurance company to be bound by such representations despite a conflicting policy provision. Accordingly, the assignment of error is well-taken.

For the foregoing reasons, the assignment of error is sustained. The judgment of the Franklin County Municipal Court is reversed, and this cause is remanded to that court for further proceedings in accordance with law consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

STERN and BROWN, JJ., concur.

LEONARD J. STERN and WILLIAM B. BROWN, JJ., retired Justices of the Supreme Court of Ohio, were assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.