**Nationwide Mutual Ins. Co.**
v.
**Wright**
*[Cite as 8 AOA 139]*

*Case No. 6-89-12*
*Hardin County, (3rd)*
*Decided November 26, 1990*

David J. Schwemer and Frederick E. Markley, Wetherill, Schwemer, Markley & Schwemer, 109 E. Franklin Street, Kenton, Ohio 43326, for Newlands.

Michael R. Henry, 2500 One Nationwide Plaza, Columbus, Ohio 43215, for Nationwide.

Shelby D. Golden, King & Golden, Colonial Bldg., 212 N. Elizabeth Street, Lima, Ohio 45802, for Wright.

MILLER, J.

This is an appeal by defendants-intervenors-appellants from a judgment of the Court of Common Pleas of Hardin County entered in a declaratory judgment action.

Defendant-appellant, Kevin Wright, the victim, Cheryl Kay Newland, and one Tony Zuber had been hunting on March 12, 1988. They were riding in Wright's vehicle and had driven to Wright's parents' home in order to return the gun they had borrowed. All three were in the front seat with Zuber driving, Newland in the middle, and Wright in the passenger seat holding the gun. As they were in the process of getting out of the vehicle, the gun, which was loaded, discharged and struck Newland resulting in her death. Wright's vehicle was insured by plaintiff-appellee, Nationwide Mutual Insurance Co..

Appellee filed a declaratory judgment action naming Wright as defendant and seeking a declaration that Wright's auto insurance policy did not protect Wright from liability for the accident. Appellants, Robert Newland and Lucille Newland, as co-administrators of the estate of Cheryl Kay Newland, deceased, were permitted to intervene as defendants in the action. After answers and depositions were filed both appellee and the intervening defendants-appellants moved for summary judgment. On June 16, 1989, the trial court rendered summary judgment in favor of the appellee insurance company.

Defendants-intervenors-appellants appealed asserting one assignment of error as follows:

"THE COURT OF COMMON PLEAS ERRED IN GRANTING PLAINTIFF-APPELLEE (NATIONWIDE INSURANCE COMPANY) SUMMARY JUDGMENT, FINDING THERE WAS NO GENUINE ISSUE OF MATERIAL FACT AND DENYING DEFENDANT-APPELLANT'S (ROBERT NEWLAND AND LUCILLE NEWLAND, AS CO-ADMINISTRATORS OF THE ESTATE OF CHERYL KAY NEWLAND, DEFENDANT-APPELLANTS BY INTERVENTION) MOTION FOR SUMMARY JUDGMENT."

(Although defendant Wright filed a notice of appeal he filed no brief and thus assigns no error.)

The policy in issue provided for property damage and bodily injury as follows:

"Under this coverage, if you become legally obligated to pay damages resulting from the ownership, maintenance, use, loading or unloading of your auto, we will pay for such damages ***."

In its judgment entry, the trial court stated:

"***

"The issue is whether the injuries of Ms. Newland resulted from the ownership, maintenance, use, loading or unloading of the motor vehicle in which Ms. Newland and Mr. Wright were passengers and in which the gun was physically located at the time of the injury so as to require Mr. Wright's motor vehicle insurance carrier to provide compensation for Ms. Newland's fatal injuries.

"****"

The trial court distinguished Nationwide v. Auto Owners Mutual Ins. Co., (1987), 37 Ohio App.3d 199, a case with somewhat similar facts from the case sub judice.

In Auto Owners Mutual Ins. Co., supra, the insured was unloading a shotgun prior to putting it in his truck by ejecting the shells into the bed of the truck. While in the process of doing so the gun discharged and struck a passenger in the truck. Auto Owners Mutual Insurance Co. denied liability for coverage under its policy which agreed "To pay on behalf of the insured *** and arising out of the ownership, maintenance, or use, including the loading or unloading thereof, of the automobile." Id. at 202. The court of appeals concluded that the acts leading to injury were within the coverage offered by auto owners automobile policy "since his conduct arose out of the 'use' of the vehicle." Id. at 203.

Here, the trial court determined that:

"In the instant case, the facts are stronger in favor of liability than in the case cited *[Auto Owners, supra.]* The bed of the truck in that case was no more than a fortuitous receptacle for the shells and it was upon this basis that the Court found the connection. In the instant case, the injury occurred while the truck [sic] was in fact in use and while Ms. Newland, the weapon and Mr. Wright were still in the truck [sic]. There is no need here to predicate liability upon an act necessary to lawful use since the vehicle was in fact in use in this case."

We agree with the trial court's conclusion that the vehicle was in use within the meaning of Wright's auto insurance policy.

The trial court, however, proceeded to further examine the coverage by looking at the auto liability clause of the policy. The policy contained a heading in bold letters located in the margin of the policy stating "Auto Liability." Directly below this heading was the following statement in parenthesis: "(for damage or injury to others caused by your auto. )" The trial court decided that this passage changed the scope of coverage and held:

"*** the modifying language set aside in the margin of the policy clearly limits the liability to an injury in which the automobile, as opposed to an external force, was the cause of the injury. In this case there was no factual connection between the vehicle use and the injury even though the injury occurred within the vehicle."

We conclude that the trial court's determination that the marginal language effectively excluded coverage was erroneous.

The extent of coverage afforded by the policy is defined by a paragraph directly to the right of the auto liability heading as set forth above.

The marginal language on which the trial court relies is not located within this paragraph. This necessarily results, at best, in an ambiguity over which provision of the policy controls the extent of coverage.

"One of the cardinal rules in the interpretation and construction of ambiguous insurance contract terms or provisions is that any such term or provision be constructed liberally in favor of the insured and strictly against the drafter. (Citation omitted.) Further, any reasonable construction which results in coverage of the insured must be adopted by the trial court in Ohio. (Citation omitted.)" *Sterling Merchan-*

*dise Co. v. Hartford Ins. Co.* (1986), 30 Ohio App.3d 131, 137. See also, *Moorman v. Prudential Ins. Co.* (1983), 4 Ohio St. 3d 20; *Edmondson v. Motorist Mut. Ins. Co.,* (1976), 48 Ohio St.2d 52; *Boyle v. Great-West Life Assur. Co.,* (1985), 27 Ohio App.3d 85;

Although appellee Nationwide Insurance contends that the parenthetical language "plainly sets forth that the injury must be 'caused by your auto,'" the paragraph following the coverage clause heading is where the policy holder would ordinarily look to find the extent of coverage provided. If the appellee had desired that the coverage be clearly limited to accidents caused by the auto, it had ample opportunity to state as much within clause itself. Instead, appellee used broader language within the defining paragraph.

We conclude that greater weight should be given to the language within the coverage clause than to the marginal limiting language outside of the clause.

As stated in *Lane v. Grange Mutual Cos.* (1989), 45 Ohio St. 3d 63, 65, "The insurer, being the one who selects the language in the contract, must be specific in its use; an exclusion from liability must be clear and exact in order to be given effect."

See also, *Reeder v. Cetnarowski* (1988), 47 Ohio App.3d 90, holding that limiting language located in the margin of a policy does not alert a policy holder to its intended importance.

We also have examined *Howell v. Richardson* (1989), 45 Ohio St.3d 365, raised at oral argument by appellee. Appellee asserts that *Howell, supra,* is on all fours with the case before us and is dispositive of this case in its favor. That case involved the negligent discharge of a gun by an insured driver from his vehicle which caused injury to the driver of another vehicle. The driver's insurance company denied coverage. The relevant language in the coverage clause of the insurance policy in that case stated that the insurer would pay for damages "*caused by* accident resulting from the ownership, maintenance or use of your car" (emphasis added). *Howell, supra,* at 368. The Supreme Court found that the coverage clause did not provide coverage to the driver since the injury was caused by the discharge of a gun from another vehicle, and not by the vehicle itself.

Here the injury arose out of the use of the insured vehicle and thus came within the terms of the policy.

In summary, we conclude that the trial court properly determined that Wright's vehicle was in use, as defined by appellee's policy language, but was in error in applying the language in the margin of the policy to limit the scope of the coverage clause, and therefore find appellant's assignment of error well taken. We reverse the trial court's judgment insofar as it granted summary judgment for appellee. We further conclude that appellants are entitled to summary judgment and, doing that which the trial court should have done, render summary judgment for appellants finding and declaring that the policy of insurance issued by Nationwide Mutual Insurance Co. protects Wright from liability for the accident at issue herein.

Judgment for Appellee reversed and final judgment entered for Appellants.

SHAW, P.J., and BRYANT, J., concur.