DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants, Gail and Ronald Robart, and Cross-Appellant, State Farm Mutual Automobile Insurance Company ("State Farm"), appeal the decision of the Wayne County Court of Common Pleas granting Appellee/Cross-Appellee, Motorists Mutual Insurance Company ("Motorists Mutual"), summary judgment. We reverse.
 I.
This case arises out of a car accident between Mrs. Robart and Donna Horvath. The accident occurred on August 26, 1997, while Mrs. Robart and her son were en route to the babysitter's before Mrs. Robart headed to work at Real Estate Connection ("Real Estate"). Mrs. Robart was driving her 1990 Plymouth Voyager. The Robarts sued numerous parties including State Farm and Motorists Mutual.[1] Mrs. Robart's vehicle was insured by State Farm with $100,000 in underinsured motorist ("UIM") coverage. Mrs. Robart's employer, Real Estate, carried a commercial business insurance policy[2] with Motorists Mutual. The Robarts sought UIM coverage from both the State Farm and Motorists Mutual policies.
On March 23, 2001, Motorists Mutual moved the trial court for summary judgment on the grounds that the Robarts were not covered as "insureds" under Real Estate's insurance policy. State Farm moved the court for partial summary judgment on the grounds that 1) by operation of law Motorists Mutual's policy provided UIM coverage to the Robarts and 2) State Farm's coverage was based on a pro rata share. The trial court granted Motorists Mutual summary judgment finding that the Robarts "are not `insureds' under the Motorist[s] Business Auto Coverage policy[.]" The trial court denied State Farm's motion for summary judgment.
The Robarts' appeal and State Farm's cross-appeal followed.[3] The appeal and cross-appeal will be considered together for ease of discussion.
 II.
Robarts' Assignment of Error:
 The trial court erred as a matter of law by granting summary judgment to defendant-appellee Motorists Mutual Insurance Company holding that Underinsured Motorist coverage was not available to plaintiffs-appellants under a policy issued to corporate employer of injured plaintiff-appellant.
State Farm's Assignment of Error:
 The wayne county court of common pleas erred in granting summary judgment to the defendant, Motorists mutual insurance company. The plaintiff, gail E. robart, qualifies as an insured under the business automobile liability policy of insurance issued by motorists to ms. Robart's employer thereby entitling the plaintiffs to underinsured motorists benefits under that policy.
These two assignments of error challenge the trial court's decision to grant Motorists Mutual summary judgment on the issue of UIM coverage. The Robarts and State Farm (hereinafter collectively referred to as "Appellants") argue that the trial court erred in finding that Motorists Mutual's policy did not provide UIM coverage to the Robarts. We agree.
To prevail on a summary judgment motion, the moving party "bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case." (Emphasis sic.) Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. To accomplish this, the movant must be able to point out to the trial court "evidentiary materials [that] show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." Id. at 293. If such evidence is produced, the non-moving party must proffer evidence that some issue of material fact remains for the trial court to resolve. Id.
An appellate court reviews an award of summary judgment de novo and, like the trial court, must view the facts in the case in the light most favorable to the non-moving party. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. Any doubt must be resolved in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7,12.
Where the non-moving party would have the burden of proving all of a number of elements in order to prevail at trial, the moving party in the summary judgment motion may point to evidence that the non-moving party cannot possibly prevail on an essential element of the claim. See, e.g.,Stivison v. Goodyear Tire Rubber Co. (1997), 80 Ohio St.3d 498, 499. If the moving party meets this burden of proof, the burden then shifts to the non-moving party to show that there is a genuine issue of material fact as to that element. Dresher, 75 Ohio St.3d at 293.
On appeal, Appellants argue that Motorists Mutual's policy provides coverage to the Robarts under the policy's definition of "covered automobiles." They rely on Selander v. Erie Ins. Group (1999),85 Ohio St.3d 541, for the proposition that when automobile coverage is provided, even in a limited form, the policy must also provide uninsured motorists ("UM") and UIM coverage. Selander, 85 Ohio St.3d at 544. Motorists Mutual stipulates that there was no waiver of the UM/UIM coverage. Pursuant to Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660, Appellants assert that UM/UIM coverage provided by operation of law, like in the Motorists Mutual policy, is not subject to any contractual language that limits or restricts the liability coverage. Scott-Pontzer, 85 Ohio St.3d at 666.
Motorists Mutual argues that the Robarts lack standing to assert UIM coverage by operation of law because the Robarts do not qualify as "insureds" under the policy. Motorists Mutual contends that the threshold determination is whether the Robarts are insured under the policy. Seeid. at 662. Motorists Mutual asserts that the Robarts failed to meet this threshold burden requiring no further analysis into the issue of UIM coverage. See id.
The Motorists Mutual policy provides "[w]e will pay all sums an `insured' legally must pay as damages because of `bodily injury' or `property damage' to which this insurance applies, caused by an `accident' and resulting from the ownership, maintenance or use of a covered `auto.'" The Declarations Page indicates that the covered autos under this policy are Hired Autos and Nonowned Autos. The covered autos are defined as:
 HIRED "AUTOS" ONLY. Only those "autos" you lease, hire, rent, or borrow. This does not include any "auto" you lease, hire, rent or borrow from any of your employees or partners or members of their households.
 NONOWNED "AUTOS" ONLY. Only those "autos" you do not own, lease, hire, rent or borrow that are used in connection with your business. This includes "autos" owned by your employees or partners or members of their household but only while used in your business or your personal affairs.
On August 26, 1997, Mrs. Robart was driving her son to the babysitter's house in a vehicle that she owned. We must examine the terms of the agreement between Motorists Mutual and Real Estate to determine what provisions, if any, were made for insurance coverage of an employee using a vehicle she owned and whether the provisions were set forth in an unambiguous manner.
If a term of a contract is clear and unambiguous, a court cannot in effect create a new contract by finding an intent not expressed in the clear language employed by the parties. Alexander v. Buckeye Pipe LineCo. (1978), 53 Ohio St.2d 241, 246. Thus, when the sections of an insurance policy are unambiguous, a court may not substitute a different meaning. If, however, the provisions of an insurance contract are reasonably susceptible of more than one interpretation, the provisions must be strictly construed against the insurer. Lane v. Grange Mut.Companies (1989), 45 Ohio St.3d 63, 65. Therefore, when an insurer inserts conflicting provisions in an insurance policy, the insurer will be bound by that provision that is most favorable to the insured. Boylev. Great-West Life Assur. Co. (1985), 27 Ohio App.3d 85, 89. In making the determination of whether language is ambiguous, courts must generally give words and phrases their plain, ordinary, natural or commonly accepted meaning. Gomolka v. State Auto. Mut. Ins. (1982),70 Ohio St.2d 166, 167-168.
In the present case, a vehicle owned by an employee qualifies as a covered auto only "while used in your business or your personal affairs." The Business Auto Coverage Form states "[t]hroughout this policy the words `you' and `your' refer to the Named Insured shown in the Declarations." The Declarations Page of the Business Auto Coverage listed the Named Insured as "Real Estate Connection Inc et al." A later endorsement to the policy changed the Named Insured listed on the Declarations Page for purposes of the insurance to "Real Estate Connection [Inc.] DBA Premier Real Estate Connection." Therefore, "your" refers to Real Estate Connection Inc. DBA Premier Real Estate Connection.
The term "personal affairs" is not separately defined in the Motorists Mutual policy. To determine whether this language is ambiguous, we shall look to the plain, ordinary, natural or commonly accepted meaning of the words and phrases. Gomolka, 70 Ohio St.2d at 167-168. The dictionary defines personal as "of or relating to a particular person: affecting one individual or each of many individuals" and defines affair as "commercial, professional, or public business * * * matter, concern." Webster's Third New International Dictionary (1993) 35, 1686.
The Motorists Mutual policy definition containing "your personal affairs" is ambiguous. "Your" refers to the named insured, which is a corporation. The language in the provision appears to provide coverage of an employee's own car while used in the corporation's personal affairs. However, the policy fails to provide a definition or further explanation of what is encompassed in a corporation's, like Real Estate, personal affairs. If we construe the ambiguous term of the Motorists Mutual policy in favor of the insured, an employee driving with her son to the babysitter's house in a vehicle she owns is insured under the definition provided in Motorists Mutual's policy.
On appeal, Motorists Mutual relies on Estate of Carla Myers v. CNAFinancial Corp. (N.D.Ohio. Jan. 23, 2001), Case No. 5:00-CV-1759, unreported. In Myers, an employee sought UIM coverage under his employer, Loral Corporation's, insurance policy for the fatal injuries his daughter suffered while riding home from a school dance in a rented limousine. Loral Corporation's policy narrowly defined "insured" for purposes of its policy. The policy defined "insured" as the policyholder for any covered auto. Later endorsements to this definition expanded the definition of an "insured" to include "employees and members of their household who used a covered auto in furtherance of Loral Corporation's business or at Loral Corporation's specific request." Id.
The Myers court held that the policy language at issue appeared in the definition of "insured." Id. Therefore, "the language limiting coverage to those employees and members of their household who act at the request or for the benefit of Loral Corporation does not limit coverage of an insured, but instead determines who is an insured in the first instance."Id. After finding that the employee and his daughter were not insured under the Loral Corporation's policy, the court was not required to determine if the policy included UI/UIM coverage or whether the claim was timely. Id.
In the present case, the Motorists Mutual policy contained a broader definition of covered autos than the policy at issue in Myers. The Motorists Mutual policy provided coverage if the employee was driving an automobile she owned while in Real Estate's business or Real Estate's personal affairs. It is the inclusion of the term "personal affairs" in the Motorists Mutual policy definition that distinguishes this policy from the Myers case.
This court reluctantly finds that when the ambiguous term of the Motorists Mutual policy is construed against the insurer, the policy's definition does include Mrs. Robart as an insured regarding the August 26, 1997 accident. Accordingly, the trial court erred in granting summary judgment in favor of Motorists Mutual. The Robarts' and State Farm's assignments of error are sustained.
 III.
Having sustained the Robarts' and State Farm's assignments of error, we reverse the judgment of the trial court and remand for proceedings consistent with this opinion.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellees.
Exceptions.
WHITMORE, J. CONCURS
[1] The record reflects that the claims regarding the Robarts' son were settled on March 5, 2001 and on April 16, 2001, the trial court dismissed with prejudice all claims and counterclaims against Horvath. The Robarts settled with Horvath for her automobile liability insurance limit of $12,500.
[2] The record reflects that Real Estate's Motorists Mutual policy consisted of commercial property coverage, commercial crime coverage, commercial general liability coverage and business auto coverage. Only the business auto coverage is at issue on this appeal.
[3] On appeal, State Farm challenges only the trial court's finding that the Robarts are not insured under Motorists Mutual's policy. State Farm's argument regarding insurance benefits is not before this court.