**ALLSTATE INSURANCE COMPANY,**
Plaintiff,

v.

**James E. BRIDGES, et al., Defendants.**

No. 1:03CV00037.

United States District Court,
W.D. Virginia.
Abingdon Division.

Feb. 20, 2004.

Jane S. Glenn and Melissa W. Robinson, Jones, Glenn & Robinson, P.L.C., Roanoke, Virginia, for Plaintiff.

J. Christopher Clemens, Clemens & Clemens, P.C., Salem, Virginia, for Defendant James E. Bridges.

Michael E. Untiedt, Marion, Virginia, for Defendant Robert Paul Repass, Jr., Administrator of the Estate of Treva Lee Repass, Deceased.

## OPINION

JONES, District Judge.

In this liability insurance coverage case arising under Virginia law, I find that, viewing the insurance policy as a whole, its language is not ambiguous and does not afford coverage to an owned vehicle being operated by the insured at the time of the accident because the vehicle was not described in the policy.

### I

Allstate Insurance Company filed this action seeking a declaratory judgment that a Business Liability Policy it had issued to Virginia resident James E. Bridges ("Policy") did not afford liability coverage to a motor vehicle accident on July 6, 2001, in Smyth County, Virginia, in which Bridges was involved, and in which the other driver, Treva Lee Repass, was killed. Following the accident, the administrator of Repass' estate filed suit against Bridges in state court and obtained a judgment that Allstate has refused to pay. In this action, in which Bridges and Repass' administrator are defendants, Allstate contends that because at the time of the accident Bridges was driving a vehicle owned by him but not described in the insurance policy, there is no coverage as to Bridges' liability resulting from the accident. Jurisdiction of this court exists pursuant to diversity of citizenship and amount in controversy. *See* 28 U.S.C.A. § 1332(a) (West 1993 & Supp.2003).

Allstate has moved for summary judgment, which motion has been briefed and argued and is ripe for decision.[1]

### II

Summary judgment is appropriate when there is "no genuine issue of material fact," given the parties' burdens of proof at trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *see* Fed.R.Civ.P. 56(c). In the present case, the facts are undisputed and the issue is solely one of law.[2]

The Schedule of Coverages and Covered Autos portion of the Policy extended coverage to "[o]nly those autos described in ITEM FOUR for which a premium charge is shown." Item Four of the Policy listed only a 1988 Chevrolet van with a liability premium in the amount of $393. At the time of the accident, Bridges was operating a different vehicle, a 1998 Chevrolet pickup truck, which he owned and had insured under a policy issued by another insurance company.[3]

■ The defendants do not contest the fact that the Policy itself did not provide coverage for the owned vehicle that Bridges operated at the time of the accident because it was not listed in Item Four of the Policy. Instead, the defendants contend that a standard endorsement to the Policy, endorsement numbered CA 99 17 ("Endorsement"), entitled "INDIVIDUAL NAMED INSURED," changed the Policy by providing Bridges with coverage

---

1. Repass' administrator has filed a counter-claim seeking a declaration that there was coverage. Bridges is now incarcerated following his conviction for vehicular manslaughter and is appearing through a guardian ad litem appointed by the court.

2. The parties do not dispute that Virginia law applies.

3. That insurance company has already paid the limits of liability of its policy as a result of the accident.

for any private passenger auto he owned regardless of whether it was described in the Policy or whether a premium was paid for it. The Endorsement provided, in part:

**B. CHANGES IN LIABILITY COVERAGE**

. . . .

**2. PERSONAL AUTO COVERAGE**

While any **auto you** own of the **private passenger type** is a covered **auto** under the LIABILITY INSURANCE:

a. The following is added to WHO IS INSURED:

**Family members are insureds** for any covered **auto you** own of the **private passenger type** . . . . [4]

To support their argument that the Endorsement extended coverage to the pickup truck, the defendants rely upon a North Carolina decision holding that the Endorsement's use of the term "while" is ambiguous. *See Drye v. Nationwide Mut. Ins. Co.*, 126 N.C.App. 811, 487 S.E.2d 148, 150–51 (1997). In *Drye*, the Court of Appeals of North Carolina found that "while" could be construed as either "during the time when," in which case the language could "be read as adding family members as additional insureds only when any private passenger auto owned by the insured is a covered auto under the initial policy," or as "whereas/although," in which case the language could be "fairly and reasonably construed as conceding the initial policy provides liability coverage for any private passenger auto owned by the insured." 487 S.E.2d at 150. Due to the

Endorsement's ambiguity, the *Drye* court construed the policy against the insurer, *id.* at 150–51, and the defendants here ask this court to do the same.

Two courts have disagreed with the *Drye* court's finding of ambiguity. *See Engelhardt v. Concord Group Ins. Co.*, No. 00–E–0299, 2002 WL 31059362, at *3 (N.H.Super. Apr. 9, 2002) (unpublished); *Boyd v. Cruze*, No. 03A01–9410–CV–00382, 1995 WL 56378, at *2 (Tenn.Ct.App. Feb.13, 1995) (unpublished). In *Engelhardt*, the Superior Court of New Hampshire rejected the argument that the Endorsement's language is ambiguous and may extend coverage to any private passenger auto owned by the insured. *Engelhardt*, 2002 WL 31059362, at *3. Instead, that court held that the term "while" "when read in context can only mean 'so long as,' i.e., 'so long as any auto you own of the private passenger type is a covered auto' [certain provisions apply]." *Id.* In *Boyd*, the Court of Appeals of Tennessee agreed: "The language clearly refers to the period of time during which vehicles, if any, were listed in the liability coverage declarations . . . . The endorsement neither adds nor removes covered 'autos.'" *Boyd*, 1995 WL 56378, at *2.

▮ While there is no Virginia case directly on point, I find that Virginia's highest court would agree with the courts that have held that the meaning of the language at issue in the Endorsement is not ambiguous.[5] Although "while" can mean "whereas" or "although," considering the Policy as a whole, such an interpretation is

---

4. An "auto" of the "private passenger type" is defined in the Endorsement to include a van or pick-up not used for business purposes.

5. Although the cited cases have disagreed as to the construction of the applicable language of the Endorsement, *compare Drye* at 150, *with Engelhardt*, 2002 WL 31059362, at *3, *and Boyd*, 1995 WL 56378, at *2, under Vir-

ginia law "the fact that courts in different jurisdictions have reached different results in construing similar policy language does not create an ambiguity, especially when a plain reading of the disputed provision effectuates the intention of the parties." *Floyd v. N. Neck Ins. Co.*, 245 Va. 153, 427 S.E.2d 193, 196 (1993) (citation omitted).

unreasonable. Interpreting "while" as meaning "so long as" or "during the time when" harmonizes the Endorsement with the portion of the Policy that provides that Bridges' van was the only covered auto. Under the defendants' interpretation, the Endorsement would extend coverage of the Policy to all vehicles owned by Bridges, no matter what the number, all for payment of the premium for one vehicle. Such a strained construction would be contrary to the clear meaning of the Policy and foreign to the context of the Endorsement. *See Quesenberry v. Nichols,* 208 Va. 667, 159 S.E.2d 636, 638 (1968) ("The court ... must read the contract as a single document, the meaning of which is gathered from all its associated parts when assembled as the unitary expression of the agreement of the parties.") (citation omitted); *Suggs. v. Life Ins. Co. of Va.,* 207 Va. 7, 147 S.E.2d 707, 710 (1966) (holding that "all of the provisions of a contract of insurance should be considered and construed together and seemingly conflicting provisions harmonized when that can be reasonably done").

 Because the applicable language of the Endorsement is not ambiguous, I will not construe it in favor of the insured. *See Pilot Life Ins. Co. v. Crosswhite,* 206 Va. 558, 145 S.E.2d 143, 146 (1965) ("Contracts of insurance are to be liberally construed in favor of the insured, but if they are plain and clear ... we are bound to adhere to their terms."); *Holland Supply Corp. v. State Farm Mut. Auto. Ins. Co.,* 166 Va. 331, 186 S.E. 56, 59 (1936) ("The general rule is that where the language in an insurance contract is uncertain or ambiguous, it must be construed most favorably to the assured. This rule has no application where there is no uncertainty or ambiguity in the language used.").

For the aforementioned reasons, I will grant summary judgment in favor of the plaintiff and enter a declaratory judgment that the Policy does not cover Bridges' liability.