HILLYER et al., Appellants,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.

[Cite as *Hillyer v. State Farm Mut. Auto. Ins. Co.* (1999), 131 Ohio App.3d 172.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 75073.

Decided Jan. 14, 1999.

*Friedman, Domiano & Smith* and *Jeffrey H. Friedman,* for appellants.

*Meyers, Hentemann & Rea Co., L.P.A., Henry A. Hentemann* and *J. Michael Creagan,* for appellee.

---

*Per Curiam.*

This case came on for hearing upon the accelerated calendar of the court pursuant to App.R. 11 and Loc.R. 25.

Plaintiffs-appellants Martin Hillyer, individually and as administrator of the estate of Christina Hillyer, Gisela E. Hillyer, Sean F. Hillyer, and Mark A. Hillyer ("appellants") appeal from the judgment entry of the Cuyahoga County Court of Common Pleas that denied their motion for summary judgment, granted the motion for summary judgment of defendant-appellee State Farm Insurance Company ("appellee") and declared that appellants were not entitled to recover uninsured/underinsured motorist ("UM") benefits under the policies of insurance issued to them by appellees. For the reasons stated below, we affirm.

On November 6, 1994, sixteen-year-old Christina Hillyer was fatally injured while a passenger in a motor vehicle operated by her classmate Karen Snyder when Snyder lost control of the vehicle causing it to flip over and eject Christina. The Snyder vehicle was insured by Great American Insurance Company which paid its $100,000 liability limits to appellants. On the date of the accident, appellants held three automobile policies of insurance with State Farm relevant to this appeal.[1] Policy No. 604 2094–F05–35G ("604") issued in 1979 and policy No. 483 0860–F14–35J ("483") issued in 1981 (together "the underlying policies") are the subjects of this declaratory action. Originally, each underlying policy provided uninsured/underinsured motorist ("UM/UIM") coverage. In March 1990, Martin and Gisela Hillyer applied for and were issued an umbrella policy with a $1,000,000 policy limit by State Farm. On April 4, 1990, Martin Hillyer signed the appropriate forms provided by State Farm indicating his rejection of UM/UIM coverage on each of the underlying policies. Then, on December 1, 1990, as named insureds on the umbrella policy, both Martin Hillyer and Gisela Hillyer executed a rejection of UM/UIM coverage on the umbrella policy.

On March 25, 1997, appellants initiated the within action seeking a declaration in their favor regarding UM/UIM coverage under the two underlying policies for their loss incurred on November 6, 1994. The parties filed cross-motions for summary judgment and briefed the issues. On July 30, 1998, the trial court entered its judgment wherein it denied appellants' motion, granted appellee's

---

1. A fourth State Farm policy was also in effect at the time of the accident but has no bearing on the issues in this appeal and was the subject of litigation in *Hillyer v. State Farm Ins. Co.* (June 26, 1998), Lake County App. No. 97–L–031, unreported, 1998 WL 553188.

motion, and declared that appellants were not entitled to underinsured motorist coverage under these policies. Appellants timely appeal and advance a single assignment of error for our review:

"The trial court erred in denying the appellants' motion for summary judgment and granting the appellee's cross-motion for summary judgment, holding that the appellants are not entitled to recover under the underinsured motorist coverage in the automobile policies issued to them by appellee State Farm Insurance Company."

In their sole assignment of error, appellants complain that the trial court erred in its determination that they were not entitled to recover under the policies at issue in this case. Specifically, appellants contend that the waivers of UM/UIM coverage as executed by Martin Hillyer are unenforceable as to all insureds.

The issues advanced in this appeal constitute questions of law and as such, our review is *de novo*. Moreover, this court reviews the lower court's grant of summary judgment *de novo*. *Brown v. Scioto Cty. Bd. of Commrs.* (1993), 87 Ohio App.3d 704, 622 N.E.2d 1153. An appellate court applies the same test as a trial court, which test is set forth in Civ.R. 56(C), which specifically provides that before summary judgment may be granted it must be determined that:

"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

Further, it is well settled that the party seeking summary judgment bears the burden of showing that no genuine issue of material fact exists for trial. *Celotex Corp. v. Catrett* (1987), 477 U.S. 317, 330, 106 S.Ct. 2548, 2556, 91 L.Ed.2d 265, 278; *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264. Doubts must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 358–359, 604 N.E.2d 138, 139–140.

The record demonstrates and it is uncontroverted that the underlying policies were originally issued with the corresponding amounts of UM/UIM coverage in place. Appellant Martin Hillyer initiated the rejection of these additional coverages and he discussed the matter with his insurance agent after reading a book entitled Wealth Without Risk. The declaration page of each of these underlying policies designates only Martin Hillyer as the named insured. Martin Hillyer signed each form rejecting the UM/UIM coverage on the underlying policies on April 4, 1990. The underlying policies renewed in June 1991 and again in June

1993. Martin Hillyer did not request reinstatement of the UM/UIM insurance. The accident occurred on November 6, 1994, during the 1993 to 1995 renewal terms of the underlying policies.

In the trial court, appellants requested a declaration of their rights to underinsured coverage as to both underlying policies. In 1997, appellants had two hurdles to overcome in order to prevail on their claim for coverage. First, appellants were required to demonstrate that the waivers executed by Martin Hillyer were unenforceable and, second, appellants sought to show that although the accident occurred November 6, 1994, after the passage of Am.Sub.H.B. No. 20 on October 20, 1994, the scope of their coverage should be determined by the decision rendered in *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, 620 N.E.2d 809 which went into effect in the middle of the Hillyer policy period. However, on July 1, 1998, the Supreme Court of Ohio in *Ross v. Farmers Ins. Group of Cos.* (1998), 82 Ohio St.3d 281, 695 N.E.2d 732, held "[f]or the purpose of determining the scope of coverage of an underinsured motorist claim the statutory law in effect at the time of entering into a contract for automobile liability insurance controls the rights and duties of the contracting parties." *Ross, supra,* at the syllabus.

 In reliance on *Ross,* appellants assert that the statutory law in effect at the time of entering into a contract for automobile liability insurance controls the rights and duties of the contracting parties. We agree.

 R.C. 3937.18 provides that the named insured may reject or accept UM/UIM coverage. Unless the named insured expressly rejects UM/UIM coverage under the mandatory provision of R.C. 3937.18, coverage is provided for by operation of law. See *Abate v. Pioneer Mut. Cas. Co.* (1970), 22 Ohio St.2d 161, 165, 51 O.O.2d 229, 231, 258 N.E.2d 429, 432. The statute differentiates between an "insured" and "named insured." In referring to the persons protected under an insurance policy, the statute, R.C. 3937.18(A)(1) and (2), speaks of "insured(s)." However, the statute, in paragraph (C) states: "The named insured may only reject or accept both coverages offered under division (A) of this section." See *Beckman v. Prudential Ins. Co.* (1994), 69 Ohio Misc.2d 1, 647 N.E.2d 884. It is undisputed that Martin Hillyer executed two documents rejecting the UM/UIM coverage on the subject policies; each document stated:

"I have been given the option to reject Uninsured Motor Vehicle coverage, including underinsured motor vehicle protection, and I reject such coverage.

"I understand and agree that this coverage rejection shall be applicable to the policy of insurance on the vehicle described below, on all future renewals of the policy, on policies issued because of a change of vehicle coverage, or because of

interruption of coverage, unless I subsequently request such coverage in writing to the contrary."

As a consequence, the resolution of the issues before us hinges upon an initial determination of whether Martin Hillyer was the sole "named insured" on the policies and, thus, whether the waivers as executed by Martin Hillyer on each of the underlying policies are enforceable and prevent underinsurance coverage for all insureds arising as a matter of law.

Appellants in their motion for summary judgment filed in the trial court advanced several theories to support their contention that they were entitled to UM/UIM coverage under the subject policies. They contend that the waivers of these benefits as signed solely by Martin Hillyer were invalid and unenforceable as to all the insureds. Upon a careful review of each of appellants' arguments, we conclude that each of appellants' arguments is without merit.

First, appellants assert that the rejection of the UM/UIM coverage on the underlying policies required the signature of Gisela Hillyer because they claim that she was a named insured on the underlying policies. We do not agree.

The question of whether a person is a named insured is a question of law. See *Auto–Owners Mut. Ins. Co. v. Andrews* (Dec. 20, 1991), Huron App. No. H–91–015, unreported, 1991 WL 270402. In order to be a named insured a person must be listed as such on the declarations page of the policy. *Stacy v. Nationwide Mut. Ins. Co.* (1998), 125 Ohio App.3d 658, 709 N.E.2d 519. In *Stacy*, the court stated, "It is undisputed that the term 'named insured' is not defined by statute or the terms of the insurance contract." *Id.* at 669, 709 N.E.2d at 527. The *Stacy* court, citing *Andrews, supra,* noted:

" ' "[T]wo descriptive expressions are used in automobile policies to designate persons covered by insurance, 'named insured' and 'insured,' and * * * whenever the description 'named insured' is used, only the person named in the declaration of the policy is meant." ' *Id.*, citing Annotation, Who is 'Named Insured' within Meaning of Automobile Insurance Coverage (1979), 91 A.L.R.3d 1280, 1291." *Id.*

Here, the record demonstrates that the declaration page of each subject policy indicates that Martin Hillyer is the named insured. The definition provision of the contract does not include a definition for "named insured." Therefore, to the extent that the declaration page of the policy contains the word "named insured" and the name Martin Hillyer appears, the term is self-defining. Thus, we find that Gisela Hillyer was not a named insured because she was not listed on either declaration page of the subject policies.

Appellants contend that appellee's taking the step of procuring the signatures of both Gisela and Martin Hillyer on the separate umbrella policy evidences proof

that Gisela's signature was required to waive coverage on the underlying policies. However, such is not the case. The evidence merely demonstrates that both Martin and Gisela Hillyer were named insureds on the umbrella policy and, as such, each executed a waiver of the UM/UIM coverage.

Further, appellants argue that Gisela Hillyer was a "named insured" on the "483" policy because she signed the application for that policy and, as such, she became a "named insured" on the "483" policy, and was therefore required to execute a rejection in order for the rejection to be valid as to her. Appellants contend, without any support for their position, that because Gisela Hillyer signed the application for the "483" policy, it is "fundamental" that she and not Martin is the real named insured. We reject this contention.

Interpretation of an insurance contract involves a question of law. *Leber v. Smith* (1994), 70 Ohio St.3d 548, 553, 639 N.E.2d 1159, 1163. An insurance policy is a contract and the relationship between the parties is contractual. *Nationwide Mut. Ins. Co. v. Marsh* (1984), 15 Ohio St.3d 107, 15 OBR 261, 472 N.E.2d 1061. Reasonable construction must be given to the terms of the contract. *Dealers Dairy Products Co. v. Royal Ins. Co.* (1960), 170 Ohio St. 336, 10 O.O.2d 424, 164 N.E.2d 745. Clear and unambiguous policies are given deference by trial courts. *Progressive Specialty Ins. Co. v. Easton* (1990), 66 Ohio App.3d 177, 583 N.E.2d 1064.

Quite simply, the record demonstrates that the "483" contract of insurance by its plain language designates Martin Hillyer to be the named insured. Accordingly, consistent with the analysis as put forth in *Stacy, supra,* we find only Martin Hillyer to be the named insured on the "483" policy.

In addition, appellants contend that because Gisela Hillyer's name appeared on the application as an insured individual and because Martin Hillyer cannot prove that he had authority to act for her in rejecting the coverage, then his rejection of UM/UIM coverage is invalid as to Gisela Hillyer. We find this argument to be without merit.

As we determined above, in order to be a named insured under R.C. 3937.18, a person must be listed as such on the declaration page of the policy. *Stacy v. Nationwide Mut. Ins. Co.* (1998), 125 Ohio App.3d 658, 709 N.E.2d 519. Appellants contend that Gisela Hillyer should be considered a "named insured" on each of the subject policies, and then rely on *Borsick v. State Farm Fire & Cas. Ins. Co.* (Mar. 31, 1993), Erie App. No. E–92–26, unreported, 1993 WL 93521, for the proposition that the provisions of R.C. 3937.18(C) should be applied separately to each of the named insureds in a policy. The court in *Borsick* held that " * * * [e]ach named insured must be given the opportunity to reject or accept equivalent limits of uninsured/underinsured motorist coverage for himself or herself and

should not be automatically bound by the actions of another named insured who rejects coverage." Because we have determined that under any of the theories advanced by appellants we cannot conclude that Gisela Hillyer is a named insured, we find appellants' reliance on *Borsick* to be misplaced.

We find that the evidence presented demonstrates that Martin Hillyer was the sole named insured on each policy. As such, at the time of the contract period the statute allowed the named insured to reject UM/UIM coverage without further or additional rejection by other insureds. R.C. 3937.18. Therefore, there existed no additional requirement that Martin Hillyer prove that he had authority to act for Gisela Hillyer when he rejected the UM/UIM coverage on the subject policies.

Next, although not argued by appellants in their motion for summary judgment before the trial court, in this appeal appellants contend that Gisela Hillyer is a named insured on the subject policies by virtue of R.C. 3937.30.

R.C. 3937.30 provides:

"As used in sections 3937.30 to 3937.39 of the Revised Code, 'automobile insurance policy' means an insurance policy delivered or issued in this state or covering a motor vehicle required to be registered in this state."

Consequently, we reject appellants' contention because R.C. 3937.30 by its own terms applies only to R.C. 3937.30 through 3937.39 and as such does not control the definition of terms as used in R.C. 3937.18.

Finally, appellants argue that because the rejections of UM/UIM insurance as executed by Martin Hillyer were not received prior to the "commencement" of the policy years, then they were ineffective pursuant to *Gyori v. Johnston Coca–Cola Bottling Group, Inc.* (1996), 76 Ohio St.3d 565, 669 N.E.2d 824. The *Gyori* court held that in order for a rejection of uninsured motorist coverage to be expressly and knowingly made, such rejection must be in writing and must be received by the insurance company prior to the commencement of the policy year. *Id.* at paragraph two of the syllabus.

In reliance on *Gyori*, appellants essentially contend that because Martin Hillyer did not reject the policy at the beginning of the policy year, then his rejection of the UM/UIM coverage is void *ab initio*. We do not agree. The record reveals that Martin Hillyer executed his rejections of the subject policies on April 4, 1990. Even if this court were to determine that these rejections were not effective during the policy periods in which they were executed, we find that these rejections would certainly have been effective when the policies each renewed both in June 1991 and, yet again, in June 1993. See *Hillyer v. State Farm Ins. Co.* (June 26, 1998), Lake App. No. 97–L–031, unreported, 1998 WL 553188.

Accordingly, upon review of the evidence presented and the law set forth above, we find that Martin Hillyer was the sole named insured on the underlying policies and as the sole named insured he validly rejected UM/UIM coverage on each underlying policy effective as to all insureds. Moreover, we find Martin Hillyer's rejections of UM/UIM coverage were effective, at the latest, upon the renewal of the underlying policies, first in 1991 and again in 1993. As such, we find no UM/UIM coverage existed for these appellants under the underlying policies for the accident that occurred on November 6, 1994.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

TIMOTHY C. McMONAGLE, P.J., ROCCO and JAMES D. SWEENEY, JJ., concur.