OPINION
{¶ 1} This is an accelerated appeal of the judgment of the Trumbull County Court of Common Pleas granting summary judgment in favor of appellees, Kathy Delpine, d.b.a. Mary Louise Megert School of Dance and Niles City School District, and against appellant, Connie Hake.
 {¶ 2} On June 20, 1998, appellant attended a dance recital conducted by appellee Delpine at the Niles McKinley High School in Niles, Ohio. Following the recital, at approximately 10:15 p.m., appellant left the school building. She exited through the front entrance of the school and walked down a cement walkway leading from the school to the public sidewalk. At the point where the walkway meets the public sidewalk, there is a step. As she was traversing this step, appellant fell.
 {¶ 3} On November 4, 1999, appellant filed suit, alleging that Delpine negligently failed to properly light the area. Appellant also alleged that appellee Niles City School District negligently maintained the walkway, failed to properly light the walkway, and failed to warn of a known danger. Appellees filed separate answers and, subsequently, moved for summary judgment.
 {¶ 4} On December 19, 2001, the trial court granted appellees' motions for summary judgment, finding that R.C. 2744.02(B)(1) and (B)(5), protected Niles City School District from liability and that a business invitor has no duty to protect invitees from open and obvious dangers.
 {¶ 5} Appellant timely appealed and asserts the following assignments of error:
 {¶ 6} "[1.] The trial court erred in finding that the defendant-appellee, Niles City School District, is protected from liability by virtue of O.R.C. 2744.02 and granting summary judgment in favor of the defendants appellees.
 {¶ 7} "[2.] The trial court erred in finding that the hazardous condition that resulted in the plaintiff-appellant's fall was `open and obvious' and granting summary judgment on that basis."
 {¶ 8} Because appellant's second assignment of error is dispositive of the case sub judice, we will consider it first.
 {¶ 9} The standard of review for an appeal of a grant of summary judgment is de novo. Wade v. Scheib (Jan. 29, 1999), 6th Dist. No. F-98-007, 1999 Ohio App. LEXIS 177, at 4. "In applying the de novo standard, [the appellate court] review[s] the trial court's grant of summary judgment independently and without deference to the trial court's determination." Id., citing Brown v. Scioto Cty Bd. of Commrs. (1993),87 Ohio App.3d 704, 711.
 {¶ 10} Summary judgment is proper when: "(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
 {¶ 11} "[A] party seeking summary judgment on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis of the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims." Dresher v. Burt, 75 Ohio St.3d 280, 293, 1996-Ohio-107. If the moving party has satisfied this initial burden, the nonmoving party has a reciprocal burden under Civ.R. 56(E) to set forth facts showing that there is a genuine issue for trial. Id. at 293.
 {¶ 12} In her second assignment of error, appellant argues that the trial court erred in finding that the step was open and obvious. Appellant submitted affidavits that stated that the area was dimly lit because lights on the school building and across the street from the school were not operational. Appellant did not produce any evidence that the step in question was in disrepair or badly maintained or that the design of the step caused her fall. Appellant argues that the lack of lighting caused her to fail to see the step and, ultimately, to fall.
 {¶ 13} In order for appellant to present a prima facie case of negligence, she must prove that: (1) appellees owed her a duty; (2) appellees breached that duty; and, (3) an injury was proximately caused by the breach of duty. Jeffers v. Olexo (1989), 43 Ohio St.3d 140, 142. "Thus, existence of a duty is fundamental to establishing actionable negligence. `*** If there is no duty, then no legal liability can arise on account of negligence. Where there is no obligation of care or caution, there can be no actionable negligence.'" Id.
 {¶ 14} Ohio law is clear that a property owner is under no affirmative duty to light walkways and public parking areas outside their buildings to accommodate invitees. Jeswald v. Hutt (1968),15 Ohio St.2d 224, paragraph one of the syllabus. Furthermore, even if the owner does provide lighting, there is no requirement that the lighting be adequate. Melnik v. AAA Northwest Ohio (Dec. 4, 1998), 6th Dist. No. L-98-1139, 1998 WL 833570, at 2. Because appellees had no affirmative duty to provide any lighting outside Niles McKinley High School, appellant cannot show actionable negligence on the part of appellees.
 {¶ 15} Furthermore, "a shopkeeper is under no duty to protect business invitees from dangers `which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them.'" Paschal v. Rite AidPharmacy, Inc. (1985), 18 Ohio St.3d 203, 204; quoting Sidle v. Humphrey (1968), 13 Ohio St.2d 45, paragraph one of the syllabus. "`Darkness' is always a warning of danger, and for one's own protection it may not be disregarded." Jeswald, supra at paragraph three of the syllabus. Thus, the darkness outside the high school building and the dangers presented by navigating in such darkness were open and obvious to appellant, and appellees had no duty to protect her from such hazards.
 {¶ 16} Appellant's second assignment of error is without merit.
 {¶ 17} Based upon our judgment of appellant's second assignment of error, appellant's first assignment of error is moot.
 {¶ 18} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas is affirmed.
DONALD R. FORD, P.J., and WILLIAM M. O'NEILL, J., concur.