JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Terrence Granzier, appeals the trial court's grant of summary judgment in favor of defendant-appellee, Cabbage, Inc. Cabbage is, as its name implies, in the business of brokering produce: primarily cabbage, but also peppers, onions, lettuce and celery. Granzier had been a sales employee of Cabbage for four years when he was terminated and started Lakeside, his own business, which sells all produce except cabbages, in direct competition with Cabbage and allegedly in violation of the non-compete agreement he had signed in 1999. Granzier had signed an original non-compete agreement within a week of his original hire in 1997, but Cabbage asked him to sign a substitute employment agreement in 1999. That 1999 agreement is the only subject of this appeal. The agreement prohibits Granzier from performing "any activity which competes with any business activity, product or service" of Cabbage for three years in sixteen states, which are named in the agreement, and "those States in which Corporation conducts or transacts substantial business activities on the date the Employment Term terminates or expires," or in which Cabbage plans to conduct substantial business.
 {¶ 2} After his termination, Granzier filed suit against Cabbage for, among other things, a declaratory judgment that the non-compete portion of his employment contract was void and unenforceable for being against public policy, overly broad, and unreasonable. In the alternative he requested the court to modify the agreement to be "just and reasonable."
 {¶ 3} Cabbage filed a counterclaim against Granzier and his company, Lakeside. It included requests for declaratory judgment that the non-compete clause was valid and enforceable and for preliminary and permanent injunctions against Granzier and Lakeside to prevent violation of the non-compete. Denying Cabbage's motion for a preliminary injunction, the court found that a hearing had not shown Granzier was involved in the selling of cabbage and that cabbage comprised 98% of Cabbage's business. In its ruling denying the preliminary injunction, the court ordered Granzier and Lakeside to refrain from any business involving cabbage, from making any derogatory remarks about Cabbage, and from disclosing any information learned about Cabbage's business while he was employed there.
 {¶ 4} Both parties filed motions for summary judgment. Partially granting Cabbage's motion for summary judgment, the court issued a permanent injunction against Granzier and Lakeside. This injunction enforced the terms of the agreement, which it found both reasonable and enforceable. The order prohibited Granzier and Lakeside from "engaging in produce sales within the geographic area listed in the employment agreement for a period of three years from the date of Mr. Granzier's termination." Order of September 30, 2002. The court further ordered Granzier and Lakeside to refrain from contacting any of Cabbage's suppliers or customers for produce business for three years and found them liable to Cabbage for damages resulting from the breach of the agreement. The court denied the rest of the summary judgment motions from all parties. The parties and the court signed a stipulated dismissal and judgment entry dismissing the remaining charges so that the declaratory judgment issue could be appealed.
 {¶ 5} On appeal, Granzier states the following five assignments of error, all addressing the validity of the non-compete clause of the employment agreement:
"I. The trial court erred in granting summary judgment in favor of defendant/counterclaim plaintiff/third-party plaintiff Cabbage, Inc. on count five (Declaratory Judgment) of Cabbage, Inc.'s counterclaim and third-party complaint as the non-competition provisions of the employment agreement drafted by Cabbage, Inc., covering three (3) years and over sixteen (16) states, are unreasonable and unenforceable as to the former employee Terrence Granzier, who Cabbage, Inc, terminated.
"II. The trial court erred in granting summary judgment in favor of Cabbage, Inc., on count five of its counterclaim and third-party complaint because the non-competition provisions of the employment agreement are designed to destroy ordinary competition rather than protect legitimate business interests.
"III. The trial court erred in granting summary judgment in favor of Cabbage, Inc. on count five of its counterclaim and third-party complaint because the non-competition provisions of the employment agreement impose an undue hardship on Terrence Granzier, who was terminated by Cabbage, Inc.
"IV. The trial court erred in granting summary judgment in favor of Cabbage, Inc. on count five of its counterclaim and third-party complaint, as the non-compete provisions of the employment agreement are injurious to the public.
"V. The trial court erred in granting summary judgment in favor of Cabbage, Inc. on count five of its counterclaim and third-party complaint, as the non-competition provisions of the employment agreement were not supported by new consideration beyond continued employment."
 {¶ 6} Because we find Granzier's third assignment of error dispositive, we address only the issue of whether the agreement imposes an undue hardship on Granzier beyond what is necessary to protect Cabbage's legitimate interests.[1] The appellate court reviews a summary judgment de novo. Hillyer v. State Farm Mut. Auto Ins. Co.
(1996), 131 Ohio App.3d 172, 175. The appropriate test for that review is found in Civ.R. 56(C), which states that summary judgment may be granted when: first, there is no genuine issue of material fact which remains to be litigated; second, as a matter of law, the moving party is entitled to judgment; and, third, a review of the evidence shows that reasonable minds can reach only one conclusion, which, when viewing that evidence most favorably to the party against whom the motion was made, is adverse to the nonmoving party. Temple v. Wean (1977), 50 Ohio St.2d 317, 327.
 {¶ 7} Initially, the party who seeks summary judgment has the burden of demonstrating the absence of any issue of material fact for trial. Celotex Corp. v. Catrett (1987), 477 U.S. 317, 330. Once the moving party has satisfied that initial burden, however, the nonmoving party then has a similar burden of showing that specific facts demonstrate that a genuine issue of fact exists for trial. Dresher v. Burt (1996),75 Ohio St.2d 280. If any doubts exist, the issue must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356, 358-59.
 {¶ 8} The Ohio Supreme Court delineated the process of evaluating the enforceability of a non-compete agreement in Raimonde v. Van Vlerah
(1975), 42 Ohio St.2d 21:
"A convenant not to compete which imposes unreasonable restrictions upon an employee will be enforced to the extent necessary to protect an employer's legitimate interests.
"A covenant restraining an employee from competing with his former employer upon termination of employment is reasonable if the restraint is no greater than is required for the protection of the employer, does not impose undue hardship on the employee, and is not injurious to the public."
 {¶ 9} Id., paragraphs one and two of the syllabus. The court must examine, therefore, whether the restriction is more encompassing than is reasonably necessary to protect the employer. This reasonableness is determined by assessing whether the non-compete agreement imposes an undue hardship on the employee by preventing him from engaging in any meaningful employment for an unreasonable length of time and by assessing whether the agreement, if enforced, will be injurious to the public.Raimonde.
 {¶ 10} Granzier argues that both the three-year length of time and the over-sixteen state geographic restriction contained in the agreement is unduly burdensome because the only industry he knows is produce and he would be prevented from engaging in it by the agreement. Granzier also testified that he has worked almost exclusively in the produce industry since he was sixteen-years-old. At the time of his deposition, he was in his early thirties. He moved to Cleveland from a job with a produce firm in Georgia to take the job with Cabbage.
 {¶ 11} Granzier stated that a person's reputation in that industry is vital for continued employability in produce brokering. A salesman will assure a grower that he will buy the grower's crop. If the salesman fails to live up to his bargain, the grower will not do business with him again. Granzier testified in his deposition that if he simply disappeared from the industry for three years, especially with Cabbage telling the growers that he had quit, he would have difficulty reestablishing himself with the growers. Granzier also testified that he established his company in order to make a living, although he was still receiving unemployment because his company was not yet profitable. His major work experience was with produce brokers[2], and after graduating from college he had worked for at least two other brokers before he was hired by Cabbage.
 {¶ 12} In his deposition Granzier admitted that produce is brokered in a multi-state market. The nature of the market determines the geographic portion of the non-compete. The evidence available in the record, however, indicates Cabbage does not even do business in some of the states prohibited in the non-compete agreement. Granzier stated that Cabbage had never done business, for example, in Arkansas or Colorado during his tenure with the company. The agreement nevertheless restricts him from working in those states. Cabbage presented no evidence as to whether it did business in those two states. Nor is there evidence on whether including all the other fourteen states is necessary to protect Cabbage's legitimate business interests in those states.
 {¶ 13} The non-compete requirement covers sixteen states and three years. We find that a question of material fact exists as to whether the extent of the non-compete is unduly burdensome to Granzier beyond what is needed to protect Cabbage. Without evidence to demonstrate this prong of the Raimonde test was met, the case must be reversed and remanded for determination of this genuine issue of material fact to assess the non-compete agreement under the standards set forth in Raimonde.
 {¶ 14} This cause is reversed and remanded.
It is, therefore, ordered that appellant recover of appellee his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, P.J. and ANN DYKE, J., concur.
[1] The remaining assignments of error are, therefore, moot.
[2] Granzier testified he had also worked for nine months as a salesman for a company that makes undercoatings for cars.