OPINION
{¶ 1} Although this appeal was originally placed on our accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry.
 {¶ 2} Plaintiff-Appellant, John P. Timmerman Company, ("Timmerman") appeals an Allen County Common Pleas Court decision granting summary judgment in favor of Defendant-Appellee, Robert Hare, Jr. ("Hare"). Timmerman argues that summary judgment was inappropriate because material issues of fact remain as to their entitlement to damages under a non-compete clause in an employment agreement with Hare. Because Timmerman failed to substantially perform its obligations under the non-compete clause, it is unable to receive relief under the contract. Accordingly, we sustain the judgment of the trial court.
 {¶ 3} The pertinent facts of the case are as follows: On October 15, 1999, Timmerman and Hare entered into a five-page employment agreement. Paragraph six of this agreement contained a non-compete clause, which provided that in consideration of $25,000 per year for two years, Hare agreed not to compete with Timmerman during his employment plus an additional two years after termination. Hare received the first payment of $25,000 in October of 1999.
 {¶ 4} Thereafter, Hare properly resigned his employment with Timmerman in July 2000. Timmerman never paid the second installment of $25,000 due under the non-compete clause. Hare subsequently went to work for a competitor of Timmerman on January 22, 2001.
 {¶ 5} Subsequently, Timmerman filed suit in Allen County Common Pleas Court, seeking enforcement of the non-compete provision of the contract in the form of both damages and an injunction. Both parties moved for summary judgment. The trial court found that because Timmerman had failed to pay the second $25,000 installment due on the non-compete clause, there was no consideration to support the clause and, therefore, it was unenforceable. Finding such, the trial court granted Hare's motion for summary judgment and dismissed the case.
 {¶ 6} Timmerman appeals this decision and presents the following assignment of error for review.
 Assignment of Error Number One
The trial court erred in dismissing the plaintiff's complaint on summary judgment when there were genuine issues of material fact, particularly when the issue of damages owed the plaintiff was never addressed by the court.
 {¶ 7} Within the assignment of error, Timmerman claims that genuine issues of material fact remained as to its entitlement to damages under the non-compete provision.
 {¶ 8} An appellate court reviews a summary judgment order de novo.[1] Accordingly, a reviewing court will not reverse an otherwise correct judgment merely because the lower court utilized different or erroneous reasons as the basis for its determination.[2] Summary judgment is appropriate when, looking at the evidence as a whole: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) construing the evidence most strongly in favor of the nonmoving party, it appears that reasonable minds could only conclude in favor of the moving party.[3]
If any doubts exist, the issue must be resolved in favor of the nonmoving party.[4]
 {¶ 9} Herein, the trial court found that the non-compete agreement was not supported by adequate consideration. Under Ohio law, consideration is a requisite for any valid contract.[5] "Consideration may consist of either a detriment to the promisee or a benefit to the promisor. A benefit may consist of some right, interest or profit accruing to the promisor, while a detriment may consist of some forbearance, loss or responsibility given, suffered or undertaken by the promisee."[6]
 {¶ 10} There is a difference between a want of consideration and a failure of consideration. Want of consideration is a total lack of any valid consideration for the contract.[7] Failure of consideration is the neglect, refusal and failure of one of the contracting parties to do, perform or furnish, after making and entering into the contract, the consideration in substance and in fact agreed upon.[8]
 {¶ 11} In this case, it is clear that there was no want of consideration. Both sides agreed to commit to something which was to their detriment; Timmerman agreed to pay money and Hare agreed to refrain from competing with Timmerman. However, the facts also establish that Timmerman owed Appellee $25,000 on October 15, 2000, which was neither paid nor tendered.
 {¶ 12} "To prove a breach of contract claim, a plaintiff must show (1) the existence of a contract, (2) plaintiff's performance, (3) defendant's breach, and (4) damage or loss to the plaintiff."[9] A party must show substantial performance of his promises in order to maintain an action for the benefits due him under a contract.[10]
 {¶ 13} "For the doctrine of substantial performance to apply, the part unperformed must not destroy the value or purpose of the contract."[11] Mere nominal, trifling or technical departures are not sufficient to constitute a failure of substantial performance.[12] However, courts should only apply substantial performance in cases where there has been an honest or good faith effort to perform the terms of the contract.[13] When the facts of a case are undisputed, whether or not Plaintiff's actions constitute substantial performance is a matter of law.[14]
 {¶ 14} It is undisputed that there was an employment agreement which contained a non-compete clause, that Hare was due an additional payment of $25,000 under the non-compete clause, and that Timmerman did not pay the final $25,000 due under the contract. Because the facts surrounding the non-compete clause are undisputed, the court decides whether there has been substantial performance as a matter of law.
 {¶ 15} The purpose of the non-compete clause was that Timmerman would pay Hare not to compete with him. Since Timmerman failed to make the second payment due under the contract, it destroyed the value of the contract to Hare. The failure to pay the $25,000 was not nominal, trifling, or technical; rather, it was a full one half of the called for consideration. Further, Timmerman made no good faith effort or offer to pay the second installment. Only after Timmerman failed to pay the second installment did Hare accept employment in a competing business.
 {¶ 16} Because Timmerman's actions in not paying Appellee the $25,000 due under the contract destroyed the purpose and value of the contract, there was no substantial performance under the contract by Timmerman, and it can not collect thereunder. Accordingly, Timmerman's assignment of error is overruled.
 {¶ 17} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, the judgment of the Allen County Common Pleas Court is hereby affirmed.
Judgment affirmed.
BRYANT, P.J., and SHAW, J., concur.
[1] Hillyer v. State Farm Mut. Auto Ins. Co. (1996), 131 Ohio App.3d 172,175, 722 N.E.2d 108.
[2] Diamond Wine Spirits, Inc. v. Dayton Heidelberg Distr. Co. (2002), 148 Ohio App.3d 596, 2002-Ohio-3932, at ¶ 25, citing Stateex rel. Cassels v. Dayton City School Dist. Bd. of Ed. (1994),69 Ohio St.3d 217, 222.
[3] Civ.R. 56(C); Horton v. Harwick Chemical Corp. (1995),73 Ohio St.3d 679, 686-687.
[4] Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-59,604 N.E.2d 138.
[5] Brads v. First Baptist Church (1993), 89 Ohio App.3d 328, 336,624 N.E.2d 737 (citations omitted).
[6] Id.
[7] Colonial Ins. Co. v. Graw (1955), 102 Ohio App. 430, 438,129 N.E.2d 491.
[8] Id.
[9] Allied Erecting Dismantling Co. v. Uneco Realty Co. (2001),146 Ohio App.3d 136, 142, 765 N.E.2d 420.
[10] Colonial Ins. Co. v. Graw (1955), 102 Ohio App. 430, 438,129 N.E.2d 491, citing Petersburg Fire Brick Tile Co. v. AmericanClay Machinery Co., 89 Ohio St. 365, 106 N.E. 33.
[11] Id.
[12] Hansel v. Creative Concrete Masonry Constr. Co. (2002),148 Ohio App.3d 53, 56, 772 N.E.2d 138, (citations omitted).
[13] Bumbera v. Hollensen (Mar. 17, 2000), Ottawa App. No. OT-99-064, unreported, citing Ashley v. Henahan (1897), 56 Ohio St. 559,47 N.E. 573.
[14] Corna/Kokosing Construction Company v. South-Western City SchoolDistrict Board of Education, 2002-Ohio-7028 at ¶ 12, citing Luntz
v. Stern (1939), 135 Ohio St. 225, 20 N.E.2d 241, paragraph five of the syllabus.