OPINION
{¶ 1} This is an accelerated appeal by plaintiff-appellant, Joseph N. Back, pro se, from a decision by the Butler County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Madison Local School District Board of Education ("the Board"). We affirm the decision of the trial court.
 {¶ 2} The Madison Education Association ("MEA") is a labor organization that represents the teaching staff of the Madison Local School District in Butler County. On March *Page 2 
15, 2007, the Board and the MEA met privately with a mediator from the Federal Mediation and Conciliation Service to renegotiate teacher salaries. All of the members of the Board were present at the meeting. With the assistance of the federal mediator, the Board and the MEA reached a tentative agreement. Thereafter, the Board held a public meeting on March 20, 2006 and formally approved the agreement.
 {¶ 3} Appellant filed a complaint for injunction against the Board, alleging that the Board violated the open meeting provisions of R.C.121.22, commonly known as Ohio's "Sunshine Law." The Board filed a motion for summary judgment which was granted by the trial court. This appeal follows.
 {¶ 4} Our standard of review of a trial court's grant of summary judgment is de novo. Hillyer v. State Farm Mut. Auto. Ins. Co. (1999),131 Ohio App.3d 172, 175.
 {¶ 5} In his first assignment of error, appellant argues that the March 15, 2006 negotiation meeting between the Board and the MEA was an "executive session" in violation of R.C. 121.22. According to appellant, the Board took "formal action" by reaching a tentative vote at that meeting, which was also a violation of R.C. 121.22. In his second assignment of error, appellant argues that since the March 15, 2006 meeting was invalid, the resulting adoption of the agreement was invalid.
 {¶ 6} After a review of the record, we agree with the trial court's conclusion to grant summary judgment in favor of the Board. Ohio's "Sunshine Law," R.C. 121.22, generally requires "public officials to take official action and to conduct all deliberations upon official business only in open meetings unless the subject matter is specifically excepted by law."
 {¶ 7} R.C. 4117.21 specifically provides that "[collective bargaining meetings between public employers and employee organizations are private, and are not subject to section 121.22 of the Revised Code."
 {¶ 8} Notwithstanding appellant's assertion in this case, the March 15, 2006 meeting *Page 3 
was not an executive session. Rather, it was a "collective bargaining meeting" under R.C. 4117.21 for the purpose of renegotiating teacher salaries. Accordingly, R.C. 4117.21 authorized the meeting in this case to be private and, also, exempts it from the requirements of R.C.121.22. In addition, the Board's official adoption of the agreement in this case at the open meeting on March 20, 2006 was also valid pursuant to R.C. 4117.21 and R.C. 121.22. Appellant's first assignment of error overruled.
 {¶ 9} Further, because the actions of the Board in this case were valid pursuant to R.C. 4117.21 and, the agreement was validly adopted at the open meeting thereafter; appellant's second assignment of error is overruled.
 {¶ 10} Judgment affirmed.
 WALSH and POWELL, JJ., concur. *Page 1