[Cite as *Shirk v. Alger*, 2009-Ohio-6028.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HARDIN COUNTY

RICHARD SHIRK,

    PLAINTIFF-APPELLANT,             CASE NO. 6-09-10

    v.

VILLAGE OF ALGER,                    **O P I N I O N**

    DEFENDANT-APPELLEE.

Appeal from Hardin County Common Pleas Court
Trial Court No. 20081085CVH

**Judgment Affirmed**

Date of Decision: November 16, 2009

**APPEARANCES:**

    *Richard Shirk,* Appellant

    *Jamey T. Pregon* for Appellee

Case No. 6-09-10

**ROGERS, J.**

{¶1} Plaintiff-Appellant, Richard Shirk, appeals the judgment of the Court of Common Pleas of Hardin County denying his motion for summary judgment and granting summary judgment to the Village of Alger ("Alger"). On appeal, Shirk argues that the trial court erred in granting summary judgment to Alger on the basis that he failed to demonstrate a proximate cause between Alger's actions and his damages; that the trial court erred in granting summary judgment to Alger where there was no genuine issue of material fact to defeat his claims; that the trial court erred in applying a two-year statute of limitations to his claims, pursuant to R.C. 2744.04(A); and, that the trial court erred in granting summary judgment to Alger on the basis that it was protected by governmental immunity. Based on the following, we affirm the judgment of the trial court.

{¶2} In March 2008, Shirk filed a complaint against Alger[1] alleging an unconstitutional taking of his private property without just compensation pursuant to Sections 16 and 19, Article I of the Ohio Constitution, continuing trespass, and negligence on the basis that Alger's failure to maintain and repair drainage systems, its decision to build up a nearby street higher than the existing curb, and its alteration of water flow resulted in water flowing onto his property and causing

---

[1] We note that other parties were also named as Plaintiffs in the complaint, including Billy and Rosa Phillips, and Shirk's wife, Angela. However, the Phillips' voluntarily dismissed their complaint during the proceedings, and only Shirk appeals the trial court's judgment.

damage to his residence. In his complaint, Shirk alleged that the first instance of water damage to his property occurred in May 2004.

{¶3} In April 2008, Shirk requested leave to amend his complaint to include a negligence claim that Alger failed to reconstruct a retaining wall to maintain the storm drainage system, and that it failed to properly maintain village streets, also resulting in water damage to his property.

{¶4} In May 2008, the trial court granted Shirk leave to amend the complaint.

{¶5} In December 2008, Alger filed its answer to the complaint, denying any negligence and asserting multiple defenses, including that Shirk's claims were barred by the statute of limitations and governmental immunity, and that the damages sustained on Shirk's property were the proximate result of an act of God and of independent acts of the plaintiffs and other third parties over whom Alger had no control.

{¶6} In March 2009, Shirk filed a motion for summary judgment. Contained in the motion were multiple excerpts from various statutes, cases, and answered interrogatories, with little discussion or argument.

{¶7} In April 2009, Alger filed a motion for summary judgment and response to Shirk's motion for summary judgment, arguing that it was entitled to summary judgment because Shirk's claims were barred by the statute of

limitations and its governmental immunity, and because Shirk failed to produce evidence establishing proximate cause between its actions and the flooding on his property.

{¶8} Subsequently, Shirk filed a memorandum in opposition to Alger's motion for summary judgment, copying additional cases into the motion and again asserting that Alger's negligence caused flooding on his property.

{¶9} Shortly thereafter, Alger filed a reply brief in support of its summary judgment motion, asserting that Shirk failed to respond to the authorities listed in its summary judgment motion; that, according to Shirk's admissions as to when he discovered the flooding, no genuine issue of material fact existed to establish that his claim would not be barred by the statute of limitations; that it was entitled to summary judgment because Shirk had failed to establish negligence on the part of Alger, or a proximate cause between the claimed negligence and the flooding of his property; and, that it was entitled to summary judgment because it was protected by governmental immunity.

{¶10} In June 2009, the trial court overruled Shirk's motion for summary judgment and granted Alger's motion for summary judgment, stating the following in its judgment entry:

> **The Plaintiffs' amended complaint appears to allege the following claims: (1) negligence in maintaining a storm sewer system, (2) negligence in "building a road higher than the curb," (3) a "constitutional taking" under Article 1 and 19 of the Ohio**

**Constitution, and (4) a continuing trespass. Summary judgment in favor of the Defendant is granted as to all of these claims.**

**At the outset, the Court notes that the Plaintiffs have failed to meet their burden to establish that the Defendant did, or did not do, something to proximately cause their claimed damages in this case. \* \* \* The Plaintiffs have no experts to establish what, if anything, Alger has done wrong with respect to the storm sewer system in Alger. There is no competent evidence in the record to demonstrate that the Defendants have proximately caused any of the Plaintiffs' claimed damages. Accordingly, there are no genuine issues of material fact, and the Defendant is entitled to judgment on all claims as a matter of law.**

**There are other alternative grounds to grant Defendant summary judgment in this case. The Court finds the Defendant's arguments at Section II(A) of the Defendant's motion for summary judgment persuasive as to the statute of limitations defense. The Plaintiffs admit that they first observed surface water damage that caused property damage to their property in August of 2003. The Plaintiffs further concede that in May of 2004, they knew they had a "serious" problem. As such, the two year statute of limitations on the Plaintiffs' claims, as set forth in O.R.C. §2744.04, started running on either of these two dates, which makes the Plaintiffs' filing of their complaint untimely. \* \* \***

**The Court further rejects the Plaintiffs' reliance on the continuing trespass doctrine, given the Supreme Court's decision in *Sexton v. Mason*, 117 Ohio St.3d 275 (2008). There is no evidence of ongoing tortuous [sic] conduct of the Defendant in the record. The Plaintiffs' only allegations of tortuous [sic] conduct by the Defendant involve alleged actions taken long before March 4, 2006, which is two years before the Plaintiffs filed this action.**

**The Court also finds persuasive the arguments set forth by the Defendant at Section II(B) of its motion for summary judgment. Those arguments are adopted by the Court, and the Court finds that the Defendant is immune from Plaintiffs' claims. The Court**

> **also finds the Defendant's arguments at Section II(D) of the Defendant's motion for summary judgment, and adopts those arguments with respect to the Constitutional takings claim made by the Plaintiffs.**
>
> **The Plaintiffs, in their motion for summary judgment, failed to establish that they are entitled to judgment as a matter of law. The Plaintiffs' motion fails for the reasons the Defendant's motion succeeds, as set forth above.**

(Decision and Entry on Pending Motions for Summary Judgment, pp. 2-3).

{¶11} It is from this judgment that Shirk appeals, presenting the following

pro se assignments of error for our review.

### Assignment of Error No. I

**TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT BASED UPON NO COMPETENT EVIDENCE IN THE RECORD TO DEMONSTRATE PROXIMATE CAUSE.**

### Assignment of Error No. II

**TRIAL COURT ERRED IN OVERRULING MOTION FOR SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF, BASED UPON THE FACTS OF THE CASE IN THE RECORD AND THAT THERE WAS [SIC] NO MATERIAL QUESTIONS OF FACT THAT THE DEFENDANTS WERE ENTITLED TO SUMMARY JUDGMENT ON ALL CLAIMS.**

### Assignment of Error No. III

**TRIAL COURT ERRED IN APPLYING THE TWO YEAR STATUTE OF LIMITATIONS FOR CONTINUOS [SIC] TRESPASS.**

*Assignment of Error No. IV*

**TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT BASED UPON IMMUNITY UNDER O.R.C. 2744.04(A) [SIC].**

{¶12} We initially note that, although Shirk asserts four assignments of error, his brief contains only one argument for all assignments. App.R. 16(A)(7) and Loc.R. 11(A) require an appellant's brief to contain a separate argument for each assignment of error unless the same argument pertains to more than one assignment of error, and, where arguments have not been adequately set forth for review, we need not address them. App.R. 12(A)(2); *Bellefontaine v. Miller*, 3d Dist. No. 8-08-32, 2009-Ohio-2818, ¶34. However, in the interest of justice, we will address the merits of Shirk's appeal. Furthermore, due to the nature of Shirk's arguments, we elect to address assignments of error numbers one and two together, and three and four together.

*Assignments of Error Nos. I and II*

{¶13} In his first assignment of error, Shirk argues that the trial court erred in denying his motion for summary judgment and granting Alger's motion for summary judgment on the basis that he failed to establish proximate cause between Alger's actions and the flooding on his property. Specifically, he contends that Alger's change in the flow of the storm sewer and its negligence in maintaining the drainage system proximately caused flood damage to his property.

**{¶14}** In his second assignment of error, Shirk argues that the trial court erred in denying his motion for summary judgment and granting summary judgment to Alger where there was no genuine issue of material fact to defeat his claims.

**{¶15}** An appellate court reviews a summary judgment order de novo. *Hillyer v. State Farm Mut. Auto. Ins. Co.* (1999), 131 Ohio App.3d 172, 175. Accordingly, a reviewing court will not reverse an otherwise correct judgment merely because the lower court utilized different or erroneous reasons as the basis for its determination. *Diamond Wine & Spirits, Inc. v. Dayton Heidelberg Distr. Co.*, 148 Ohio App.3d 596, 2002-Ohio-3932, ¶25, citing *State ex rel. Cassels v. Dayton City School Dist. Bd. of Ed.*, 69 Ohio St.3d 217, 222, 1994-Ohio-92. Summary judgment is appropriate when, looking at the evidence as a whole: (1) there is no genuine issue as to any material fact; (2) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made; and, therefore, (3) the moving party is entitled to judgment as a matter of law. Civ.R. 56(C); *Horton v. Harwick Chemical Corp.*, 73 Ohio St.3d 679, 686-687, 1995-Ohio-286. If any doubts exist, the issue must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-59, 1992-Ohio-95.

{¶16} The party moving for summary judgment has the initial burden of producing some evidence which demonstrates the lack of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 1996-Ohio-107. In doing so, the moving party is not required to produce any affirmative evidence, but must identify those portions of the record which affirmatively support his argument. Id. at 292. The nonmoving party must then rebut with specific facts showing the existence of a genuine triable issue; he may not rest on the mere allegations or denials of his pleadings. Id.; Civ.R. 56(E).

{¶17} In order to establish a claim for negligence, a party must show four things: that a duty was owed, that there was a breach of that duty, proximate causation, and injury resulting therefrom. *Turner v. Cent. Local School Dist.*, 3d Dist. No. 4-95-8, 1995 WL 442498, citing *Mussivand v. David* (1989), 45 Ohio St.3d 314.

{¶18} In the case at bar, Shirk contends that Alger's negligence in maintaining a drainage system and its alteration of the flow of the storm sewer resulted in flood damage to his property. In his motion for summary judgment, Shirk cited and extensively quoted case law and statutes, but he included very little argument or proof of the claimed negligence. Shirk did not present any evidence in his motion of the duty owed by Alger, how it breached that duty, or how the breach of that duty proximately caused flood damage to his property, other than

his own opinion on the matter. Shirk continually claimed throughout his various filings in this case that he had evidence of Alger's failure to adequately maintain the drainage system, but the only proof he offered on the matter was video and photographs of flooding on his property and work being done by Alger on various drainage areas. At no point did he present evidence establishing a proximate cause link between Alger's actions and the flooding on his property. Consequently, we find that Shirk has failed to establish an actionable claim for damage to his property, and, as such, we find that the trial court did not err in overruling his motion for summary judgment and in granting summary judgment to Alger.

{¶19} Accordingly, we overrule Shirk's first and second assignments of error.

### *Assignments of Error Nos. III and IV*

{¶20} In his third assignment of error, Shirk argues that the trial court erred in granting summary judgment to Alger on the basis that he failed to bring his claim within the two-year statute of limitations pursuant to R.C. 2744.04(A).

{¶21} In his fourth assignment of error, Shirk argues that the trial court erred in granting summary judgment to Alger on the basis that Alger was protected by governmental immunity.

{¶22} Due to our disposition of Shirk's first and second assignments of error, finding that summary judgment was appropriate because Shirk failed to

establish proximate causation between Alger's actions and the flood damage to his property, Shirk's further claims on the trial court's granting of summary judgment are rendered moot, and we decline to address them. App.R. 12(A)(1)(c).

{¶23} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**PRESTON, P.J. and SHAW, J., concur.**

**/jlr**